JOHN DOWNER *v.* LEVI H. MARSH; ALVAN TUCKER, *Trustee;* SOLOMON DOWNER, *Claimant.*

*Trustee process. Notice of transfer of note.*

A notice to the maker of a promissory note that it has been transferred, if sufficient to prevent his paying it to the original payee, will suffice to prevent him from being holden as the payee's trustee.

TRUSTEE PROCESS. The trustee, among other things, disclosed that on the 18th of April, 1853, he purchased a farm of the principal defendant, towards the consideration of which he executed and delivered to the principal defendant his note for $215. Solomon Downer claimed to be the owner of this note, and, upon a trial by the court, in reference to his claim, at the May Term, 1855,—UNDERWOOD, J., presiding,—it appeared that at the time said farm was sold and the deed of the same executed and delivered, which was in the afternoon of the 18th of April, the defendant Marsh, the trustee Tucker and the claimant Solomon Downer were all present; that at that time the defendant Marsh was indebted to the claimant Downer in a sum estimated at $215, but the account had not then been fully passed upon or definitely settled by them; the note was taken for the purpose of paying said debt, and this was understood by the trustee at the time he exe-

cuted it.   After the delivery of the deed to the trustee, he went to the town clerk's office to leave it for record, and the defendant Marsh and the claimant went to the house of the latter.

After the trustee left his deed, he started for home, and as he was going by the claimant's house, he was called in.   While there, the defendant and claimant were looking over their accounts, and some question arose between them about one of the charges, and the trustee left, leaving them together, expecting them to close the accounts, and that the claimant Downer would receive the note that night.   It also appeared that they did close the accounts that night, after the trustee left, and the note was then delivered in payment of the account, as had been before arranged and expected. The next day the trustee writ was served before the trustee had any further information of the transaction, or of the actual transfer of the note, other than what he learned previously to his leaving the house of the claimant Downer the evening previous.   Upon these facts, the court rendered judgment against the claimant, and adjudged that the trustee was liable for the amount of the note in question, to which the claimant excepted.

*Washburn & Marsh* for the claimant.

*W. C. French* and *Converse & Barrett* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.   The only question in this case is, whether the plaintiff or the claimant is entitled to the note in question.   As we intimated, during the argument, this will depend upon the legal effect of what passed between the parties, before the service of the trustee process; whether it was sufficient to vest the title in the claimant, and affect the trustee with legal notice of his title.

It was a part of the price of a farm, sold by Marsh to Tucker. At the time of the conveyance, Marsh, Tucker and the claimant, were present.   It was supposed Marsh was indebted to the claimant, upon book, in a sum equal to the note, $215; but the account was not definitively settled; the note was taken for the purpose of paying the claimant this debt, and to be delivered to him; and this was understood by Tucker at the time he executed it.

Tucker went to the clerk's office, and left his deed for record, and, as he passed the claimant's house, he was called in by Marsh, when he found him and Downer settling the account, and some question arising about one item, Tucker went home, leaving the claimant and Marsh settling the account, expecting them to close it that night, and Downer to receive the note. It was so done, and the note delivered to Downer that night, in payment of the account, as had been before arranged, and expected by all the parties concerned. The trustee process was served the next day.

It seems to us that this must be regarded as sufficient notice to Tucker of Downer's interest in the note. This question of notice, in cases like the present, is to be viewed as it would be between the claimant and the trustee, if he had paid the note to the principal debtor, at the time of the service of the trustee process. Had that been the case here, we think there can be no doubt it should be regarded as a fraud upon Downer, and he would be entitled to collect the note of Tucker, notwithstanding such payment. Tucker, from the facts, had no reason to doubt that the title of the note, and the possession was in Downer, and it was so in fact; this shows title in the claimant, and sufficient notice.

Judgment that trustee is not liable, in regard to this note, and that the claimant recover costs in this court; and judgment for the plaintiff for the amount found in trustee's hands, besides this note, and such costs as shall be equitable in the county court.