Webster *v.* Moranville et als.

---

DANIEL WEBSTER *v.* FRANKLIN MORANVILLE, AND JOB DROWN *Trustee,* AND KELLEY & ROBERTS *Claimants.*

*By whom notice of the transfer of a promissory note must be given in order to permit its attachment by trustee process. Notice.*

The notice of the transfer of negotiable paper required by the statute, in order to defeat the trustee process, must be given by the person to whom such transfer is made, or who claims to own the paper through such transfer, or by his procurement.

Therefore, notice of the transfer of a note payable to the payee or bearer, and transferred without indorsement, given by the payee and without the procurement of the transferee, is not sufficient.

TRUSTEE PROCESS. The facts are stated in the opinion of the court. The county court at the June Term, 1858,—POLAND, J., presiding,—adjudged the trustee liable for the amount of the note in question, to which decision the claimants excepted.

*Slade & Edwards,* for the claimants.

*J. E. Dickerman,* for the plaintiff.

Webster *v*. Moranville et als.

The opinion of the court was delivered by

ALDIS, J.  The forty-fifth section of the thirty-second chapter of the Compiled Statutes enacts that " all negotiable paper, whether under or overdue, may be attached by the trustee process, unless the same had been negotiated and *notice thereof given to the maker*, *or the endorser*, before the service of the trustee process on him." It further provides, that either of the parties to the trustee process may raise the question of the validity of the sale or assignment, and " the person or persons *who gave such notice of sale or assignment to him or them*, may be summoned as witnesses, and compelled to testify to the consideration upon which such sale or assignment was made."

In this case the note was payable to Moranville or bearer, and transferred by him, without indorsement, to Wm. Kelley, and by him to Kelley & Roberts, before its maturity.  About two weeks before this suit was brought, Drown, the maker of the note, inquired of Moranville what had become of the note, to which he replied, that he had sold and transferred the note to William Kelley, but did not then know where it was.  This was all the notice that Drown had of the sale of the note before this suit was brought. It did not appear that Moranville gave such notice on behalf of William Kelley, or Kelley & Roberts.

In *Pecks & Co.* v. *Walton and Trustee*, 25 Vt. 33, this subject as to the nature and source of the notice to be given the trustee, was considered.  In that case the notice was given by a stranger to the notes negotiated.  The court held that notice from a stranger was not sufficient, and that *knowledge* of the sale and transfer of the note was not sufficient.  If positive and accurate knowledge had been equal to notice, doubtless the trustee in that case would not have been chargeable.  But the court say, " we think the word notice means something more than knowledge.  It is necessary that it should be given to perfect the title of the indorsee so that it may override the attachment; and it implies a duty to be performed by the indorsee, or through his procurement."  It was, however, further stated, that the question, whether notice from the payee would be sufficient, was not intended to be decided.  The reasoning of the court, that notice " implies a duty to be performed by the indorsee," would clearly comprehend a notice from the payee as insufficient.

In this case, the note being payable to bearer, and being transferred from Moranville by delivery, he became, upon such transfer, a stranger to the note. He was a party to the transfer and had therefore the means of accurate knowledge of the fact of the transfer from himself. Yet he might not know who was the *real* purchaser. The person dealing with him might be but an agent for some other person, and if Moranville were to assume to give notice of the assignment, he might mislead both the debtor and the creditors of such *apparent* purchaser, but *real* agent. There might be a conflict of notices, the vendor giving notice of a transfer to one, the purchaser of a transfer to another.

As the plaintiff, in the trustee process, has the right to summon the vendee of the note, and compel him to testify as to the validity and consideration of the sale, it is desirable that he should know accurately who the real claimant is ; that he may have the best means of ascertaining the validity of the claim and of summoning only the real claimants should he desire to question it.

By requiring the indorsee to give the notice or procure it to be given, the duty is thrown upon him who is interested to perform it and who has both the means and motives to perform it with fullness and accuracy. Wherever knowledge is not equivalent to notice, but something more is to be done to perfect that notice, which the law merchant or the usage of trade requires, it is plain that notice should come from the party whose rights and claims depend upon giving such notice, who is thus interested to give it, and from whom, when it comes, it comes as from one having authority to assert and define the claim.

Again, the rule established secures the maker of the note from the uncertainties and perplexities in which he might be involved by being bound, at his peril, by loose, casual and indefinite information derived from the payee or sent through his procurement, the payee, in fact, not having any interest to give the notice that ought to be given. It establishes an exact and thorough rule of business upon which all may safely rely.

The language of the statute would seem to contemplate that the person to give the notice was the assignee. The words of the proviso are that the plaintiff, in the trustee process may summon " the person or persons who gave such notice of sale or assign-

ment to him or them." But as the main object of that clause was not to determine in any way who should give notice, its language, though it may be held to aid indirectly and by inference the construction we give it, can not be considered as of controlling authority on this point.

The case of *Downer* v. *Marsh et al.*, 28 Vt. 558, stands upon the peculiar facts of the case; in substance, the maker of the note having notice from both the payee and claimant.

The case of *Stewart* v. *Barnum*, Bray. 173, has been cited by the counsel for the claimants. That case arose under the statute of 1798, by which the maker of a negotiable note could plead in offset any demand against the payee, accruing before notice of the transfer. The payee gave notice to the maker that he had transferred it. After that, as between the maker and payee, it could not be supposed that any payments, made by the maker to the payee, could have been made honestly, or any credits have been given really on the strength of the note. So here the notice from Moranville to Webster might well preclude them from making or receiving payments. But a creditor of Moranville is not necessarily affected by such notice. As an attaching creditor of personal property, though it has been sold, may still attach it if the possession remains in his debtor; so the creditor in the trustee process, who attaches a debt may well be held not to be affected by a notice which, as between his debtor and the trustee should bind them both.

Upon the whole, the view of the principles established in *Pecks & Co.* v. *Walton*, of the objects and policy of the statute, and the necessity of a rule which shall secure accuracy and certainty in business transactions, as well as of the language of the statute, we conclude that the notice of the transfer of negotiable paper required by the statute, in order to defeat the trustee process, must be given by the person or persons to whom such transfer is made, or who claim to hold or own the paper through such transfer, or by their procurement; and therefore that the notice from Moranville in this case, was not sufficient.

The judgment of the county court is affirmed, and the trustee adjudged liable, as in the county court; the judgment against the principal debtor affirmed, *pro forma*, without costs in this court, and judgment for the plaintiff against the claimants, for his costs.