BRICKETT & DENNISON *v.* H. M. NICHOLS AND NICHOLS &
JOHNSON, *Trustees.*

*What is sufficient notice of the transfer of a promissory note to
prevent its attachment by the trustee process. Principal and agent.*

The defendant transferred a note belonging to him to Q., and handed it to the
latter's son, who was not then his father's agent, to be delivered to Q. The
son left the note at his father's house, and, the latter being absent, notified
the maker of its transfer, and on the same evening Q., on his return home,

approved of what his son had done. *Held,* that this was a sufficient notice to the maker of the note of its transfer to prevent its subsequent attachment by the trustee process by the creditors of the defendant.

The only question in this case related to the liability of the trustee. From the commissioner's report the county court found the following facts :

The defendant held a note against the trustees on which was due, May 25, 1857, fourteen hundred ninety-eight dollars and ninety-three cents.

H. M. Nichols failed on the morning of the 23d of May, 1857. Daniel Quimby, his father-in-law, had endorsed paper for him to a considerable amount, and for a much larger amount than the said note, and Nichols had promised him that, if he should fail, he would secure him. On the same day, after his failure, the defendant delivered this note to Lot Quimby, a son of Daniel Quimby, who was not residing with his father, but was peddling away from home. The said Lot Quimby took the note and carried it to his father's house and left it, his father being absent from home. He then, on the same day, went to Burke, where the trustees, Nichols and Johnson resided, and informed S. L. Nichols, one of the firm, that the defendant had turned out their note to his father, and Nichols informed Johnson of the same. The evening of the same day he saw his father, and informed him what he had done, who approved of it, and received the note. The defendant, upon the same day, saw S. L Nichols and informed him that he had turned out their note to Daniel Quimby.

This writ was served upon the trustees upon the 25th day of May, 1857.

The county court, at the June Term, 1858,—Poland, J. presiding,—discharged the trustees, to which the plaintiff excepted.

*Willard & Ross,* for the plaintiffs.

*T. Bartlett,* for the trustees.

The opinion of the court was delivered by

Bennett, J. The question in this case is one between Daniel Quimby and the plaintiffs, and which has the right to the avails of

Brickett & Dennison *v.* Nichols et al.

the note must depend upon the question, whether the maker of the note had sufficient notice of the transfer of the note to Quimby, before the service of the trustee process upon them, and we think they had.

The note was turned out by the payee to Daniel Quimby, in pursuance of a prior agreement between him and the payee, that he would give Quimby security, in case he got into trouble. Though the note was delivered by the payee to the son of Daniel Quimby, who was not, at the time, the agent of his father, yet he took the note and carried it to his father's house and left it, the father not being at the time, at home, and the son gave immediate notice to the makers of the transfer of the note to his father, and the evening of the same day he informed his father what he had done, and his father approved of what he had done, and received the note. This was all before the service of the trustee process. It was not necessary that the son, when he gave the makers notice that the note had been turned out to his father, should have disclosed his authority to act in the matter, although it may be true that the notice should emanate from the person to whom the note was transferred, as in effect it did in the present case. The father fully adopted the agency of his son before the trustee process was served. The father's ratification of the acts of his son has relation back to the time of the performance of those acts, especially in a case like this, where no rights had in the meantime intervened, to be affected by it. It is a common principle that where one man adopts the agency of another, he adopts it from the beginning. It is so between the principal and agent; and it should be so as to third persons, who have at the time no rights to be affected by such relation back. The court, at their recent term in Orleans county, have held that the notice must emanate from the holder of the paper, or by his procurement*; and we think in legal effect it did so emanate in this case. The father, by the adoption of the acts of the son made them in law his own acts. Judgment affirmed.

* See *Webster* v. *Moranville and Trustee,* ante. p. 701.