EZRA C. HUTCHINS v. ISAAC WATTS; AND DAVID W. CHOATE, *Trustee*, AND E. W. SARGEANT, *Claimant*.

*Trustee Process. Assignment of Chose in Action. Notice.*

The defendant verbally agreeed to assign to the claimant a demand in his favor against the trustee, whereupon the trustee was called in, and, in the claimant's presence, was informed by the defendant that he had transferred his claim against him to the claimant, and was requested by the defendant to pay it to the claimant, and it was understood by all three of the parties that the trustee was to account to the claimant for the defendant's demand. *Held*, that the assignment from the defendant to the claimant was a present and perfected one, and that the notice to the trustee was sufficient to prevent the subsequent attachment of the claim by means of the trustee process by the defendant's creditors.

TRUSTEE PROCESS. The commissioner reported that the trustee was indebted to the defendant for the latter's interest in the settlement of a partnership, which had existed for a year previous, between the defendant and the trustee, and which the trustee was closing up by collecting the assets and paying the debts ; that while the trustee was engaged in closing up the affairs of such partnership, the defendant being indebted to the

claimant, agreed with the claimant to transfer to him his interest in the previous year's business with Choate. No writing was executed between the parties, but the trustee was called in, and the defendant informed him that he had transferred his interest in the concern to the claimant, and requested him to pay over to the claimant whatever his interest might turn out to be. The claimant was present on this occasion, but it did not appear that he said anything to the trustee, nor did the evidence show what the trustee said. The commissioner found that it must have been understood by all three, (the defendant, the trustee, and the claimant,) at this time, that the trustee was to account to the claimant for the defendant's interest in the concern, whenever it should be settled and the amount realized out of the assets. This all took place before the service of the plaintiff's writ upon the trustee.

Upon these facts the county court, POLAND, CH. J., presiding, decided that the trustee was not liable, and that the fund in his hands belonged to the claimant, to which the plaintiff excepted.

*Edwin Harvey*, for the plaintiff.

*Bliss N. Davis*, for the claimant.

KELLOGG, J. In the case of *Noyes* v. *Brown and trustee*, 33 Vt. 431, it was held that an assignment of a chose in action by words, without writing, operates as an equitable transfer of it, and, when followed by notice thereof, from the assignee to the debtor, will be protected and enforced by courts of law, against a subsequent attachment by trustee process.

It is claimed by the plaintiff that no assignment by Watts, the principal defendant, of the effects and credits in the hands of Choate, the trustee, to Sargeant, the claimant, was ever consummated, and that the facts only show an agreement to assign at some future time ; but we think that the commissioner's report does not sustain this claim. The report finds that Watts, in an interview with Sargeant, " agreed to transfer to him his interest in the previous year's business with Choate." This statement,

when isolated from the context and literally interpreted, might possibly be taken to refer to an assignment to be executed *in futuro.* But it is to be taken in connection with the other facts reported by the commissioner, viz :—that Choate was thereupon called in, and, in the presence of the claimant, was informed by Watts that he had transferred his interest in " the concern " to the claimant, and was requested by Watts, at the same time, to pay over to the claimant whatever his, (Watts',) interest might be. It is also especially to be considered in connection with the commissioner's finding, that " it must have been understood by all three," (Watts, Choate, and Sargeant,) "at this time, that Choate was to account to Sargeant for Watts' interest in the concern, whenever the concern should be settled, and the amount realized out of the assets." These facts and this finding show conclusively that it was a present and perfected assignment, which was in the contemplation of the parties, and not an assignment, or transfer, which was to be made or per- fected at some future time. Accordingly, we think that, as between Watts and the claimant, the effects and credits of Watts in the hands of Choate, were effectually transferred or assigned by Watts to the claimant.

The plaintiff also claims that there was no notice to the trus- tee of this transfer or assignment by Watts to Sargeant. The facts and finding of the commissioner above referred to, show that the notice to the trustee was clearly sufficient in its terms. But it is insisted that it was ineffectual because it proceeded from Watts, and not from the claimant ; and the case of *Web- ster* v. *Moranville and trustee,* 30 Vt, 701, is cited in support of this position. We have no disposition to qualify the rule upon this subject, which was adopted in that case, or to recede from it in any respect. It appears in this case that the notice to the trustee was given by Watts, in the presence of the claimant, and without objection from him. His silence, under these cir- cumstances, in connection with the other facts found by the com- missioner, was equivalent to an adoption of the act by him ; and the commissioner and the county court were justified in inferring from these facts that the notice was given with his approbation, and by his procurement. This would bring the

Hutchins *v.* Watts and Trustee et al,

case within the rule adopted in *Webster* v. *Moranville and trustee.* See also *Downer* v. *Marsh and trustee,* 28 Vt. 558. The time when the transfer or assignment by Watts to the claimant was made, and when this notice was given to the trustee, is conceded to have been previous to the commencement of this suit. In our judgment, the plaintiff's objections to the claimant's title to the effects and credits of Watts in the hands of the trustee, and to the sufficiency of the notice to the trustee of that title, are not well taken.

The judgment of the county court that the trustee is not chargeable as the trustee of the principal defendant, and that the fund in his hands belongs to the claimant, is affirmed.