TENNEY, BALLISTER & CO. *v.* NEW ENGLAND PROTECTIVE UNION, DIVISION NO. 172.

### *Partnership.*

P. was one of the originators, and had for several years been an active member, and one of the directors, of a mercantile association, called the N. E. Protective Union, Div. 172. Finally he moved away and ceased to do any business with the association, and supposed he had ceased to be a member of it, but notified no one of his purpose to withdraw. *Held*, that as between himself and the other members he had not ceased to be a member of the division.

But if he had, still if he was a member when the dealings between the plaintiffs and the division began, and the plaintiffs knew it, they were entitled to treat him as a member until they were notified that he had withdrawn.

The death of a member would not work a dissolution of the association, as it was designed in its organization to have perpetuity.

ASSUMPSIT on four promissory notes, and for goods sold. One of the defendants pleaded in abatement, to which the plaintiffs replied. All the other defendants upon whom service was made pleaded non assumpsit.

Trial by the court, by consent of parties, December Term, 1863, BARRETT, J., presiding.

It was proved that in 1850 the defendants formed an association under the style of the New England Protective Union, Division No. 172, for the purpose of doing ordinary mercantile business, in the village of South Londonderry, and adopted a constitution and by-laws, and did business down to about the 1st of February, 1861, at which time said company failed, and all the property belonging to it was attached by its creditors, whereupon the business ceased and has not been resumed.

Winfield Wright, one of the defendants, was appointed agent of the company in May, 1857, whose business as such agent was to take charge of the store and do the buying and selling of the goods, and make and receive payment therefor, and he continued to be such agent and do the business thereof down to the time of said failure. From 1858 to the time said notes were given, the company purchased the goods for which the notes were given, by said agent, of the plaintiffs, and one bill of goods after that, viz.: on the 30th day of January, 1861, amounting to $92.54.

Sem Pierce, one of the defendants named in the plea in abatement, resided at the time the association was formed in Londonderry, and continued to reside there till July, 1859, when he removed to Plymouth, and resided there at the time this suit was brought.

Pierce was one of the original members of the association, and took an active part in its formation and organization. He paid in the ten dollars provided by the amendment of the 14th article of the by-laws, made the 14th of August, 1852. As a member of the association and as director he participated in its business, and continued to purchase goods at the store down to the time of his removal to Plymouth, but not afterwards. For goods purchased by him a balance of account had accrued against him of some over $30., in May, 1859. About this time he paid $13. on his account. After he had sold his farm, in 1859, he told Howard, one of the directors, that he had sold his farm and was going out of town; that he supposed he was owing the concern some $30. or more, and that he could pay that up into about $10. A day or two before he removed, as he was passing the store he called the agent Wright to the door, and handed him $10., saying that just about squared him out. Pierce's understanding was, that under the 14th article of the by-laws, and the amendment, he was entitled to goods to the amount of his subscription any time on demand, and if he left and did not take the goods they would balance an equal amount of what he was owing. He never settled his account with the company, and it stands now just as he left it upon the payment of the $13. and $10., which were credited to him on his account on the books of the company. He never said anything to the agent about withdrawing from the association, nor did he ever publish, or give to the plaintiffs any notice, nor

had they any notice, of his withdrawing from the company.  He supposed, himself, that he was out of the concern.

The business of the association was under the control and supervision of the directors, and so continued to be down to the time it ceased.  There was never any published dissolution of the association, nor any action taken by it for the purpose of dissolving it.

Russell Aldrich, a member of the association, died October 18th, 1860.  The court found from the constitution, by-laws, records, &c., that the association was designed to be continuing and to have perpetuity, and not to be dissolved, or its continued existence as a partnership to be affected by the death or withdrawal of any member. It was argued and claimed on both sides that said association was a copartnership.  The plaintiffs gave in evidence the notes described in the declaration.  No question was made as to their due execution, or as to the authority of Wright to give them, as agent of the association, or as to their validity as binding the association.

The defendants claimed : 1st, That by reason of Pierce leaving Londonderry and removing to Plymouth, he ceased to be a member of the company, and so was improperly made a defendant in this suit.  2d, That by the decease of Aldrich the partnership became dissolved, and that as Pierce had nothing to do with the matter at and after that time, he could not be held as partner after that time, and so was improperly made a defendant in this suit.  Upon the facts detailed the court declined to sustain either proposition, and found the issue under the plea in abatement, and under the plea of non assumpsit, for the plaintiffs, and rendered judgment for the sum due on the notes, and on said account of January 30th, 1861,—to which the defendants excepted.

*Washburn & Marsh* and *Butler & Wheeler*, for the defendants.

*Luther Adams*, for the plaintiffs.

KELLOGG, J.  No copy of the plea in abatement, or of the defendants' constitution, by-laws, and records, having been furnished to us, we must assume that, in the judgment of counsel, the references to these papers in the briefs are sufficient for the purposes of the hearing in this court.  We are informed by the briefs that the plea in abatement and the defence to the action both rest on the alleged

fact that the defendant Pierce had ceased to be a member of the partnership of the defendants before the debts which are the subject of the suit were contracted.

From the facts found by the county court, it appears that these debts were contracted between May, 1858, and February, 1861, and that Pierce was one of the original members of the partnership, or division, at the time of its organization in 1850, and, from that time up to the time of his removal from Londonderry to Plymouth in July, 1859, he appears to have been an active director and leading manager of the division. The defendants' division or partnership commenced making purchases of goods from the plaintiffs as early as May, 1858, —a year or more previous to the time when, as is claimed, Pierce ceased to be a member of the division. The natural presumption arising from the fact that the plaintiffs gave credit to the division is that the credit was given in reliance upon the liability of the members of the division at that time, and that the plaintiffs knew who were the members of the division to which they were giving credit. Nothing appears in the case tending to establish a contrary conclusion.

Did Pierce cease to be a member of the division as between himself and the other members? His removal from the town could not affect the question, unless there was some provision in the constitution or by-laws of the division which made residence in the town a condition of membership. It is not claimed that there was any such provision in this case. Neither would his supposition that he had ceased to be a member of the division affect the question, unless there was some act on his part which justified that supposition. It distinctly appears that he did not at any time say any thing to the agent of the division about withdrawing from it; and it does not appear that he gave any information to any other officer or member of the division of his purpose or desire to withdraw from it. We find no ground on which it can be claimed that, as between himself and the other members, he ceased to be a member of the division. It is clear that he did not relieve himself from liability by ceasing to participate in the management of its business.

But even if, as between him and the other members, he had ceased to be a member of the division, still, as he was a member when the

dealings between the plaintiffs and the division began, the plaintiffs were entitled to treat him as a member until they were notified that he had withdrawn from the division, unless it appeared that, when they gave credit to the division, they did not know that he was a member of it. No such notice is claimed to have been given by Pierce to the plaintiffs. His liability to the plaintiffs would continue the same as that of any other member of the division until this notice was given. This is a settled principle of the law of partnership.

It is claimed that the defendants' partnership was dissolved in October, 1860, by the death of Russell Aldrich, one of its members, and that the surviving members cannot be held responsible for the dealings had with the plaintiffs after that time without their assent or knowledge, although had in the name of the division and by its managing agent, and in the same way that the previous dealings had been had. It is not necessary to pass upon the question whether this division or association was in strictness a partnership or not, inasmuch as both parties claimed that it was a partnership. It was found by the county court that the association was designed to be continuing and to have perpetuity, and not to be dissolved, or its continued existence as a partnership to be affected by the death or withdrawal of any member. The death of Aldrich would not, therefore, work a dissolution of the partnership any more than would the withdrawal of any other member from it. Neither the death nor the withdrawal of a member would affect the liability of those who continued to be members for debts contracted in the name and for the benefit of the association.

We find no ground for the conclusion that Pierce was improperly made a defendant in this suit ; and the judgment of the county court in favor of the plaintiffs is accordingly affirmed.