## FRANCIS F. HOLT *v.* HENRY BABCOCK *et al.*

*Trustee process. Notice of assignment.*

Notice of the assignment of a debt given by the assignee to the wife of the debtor and by her communicated to the debtor, will protect the assignment as against trustee process.

Assumpsit by trustee process against Henry Babcock, principal defendant and Orvis Willis, trustee, and W. M. Kendall, claimant. Heard upon the report of a commissioner at the December term, 1889, Taft, J., presiding.

Judgment that the trustee is chargeable.

The claimant excepts.

The case appears in the opinion.

*J. G. Harvey,* and *D. C. Denison,* for the claimant.

The assignment and notice were sufficient. *Peck* v. *Walton,* 25 Vt. 33; *Bank* v. *Drury,* 35 Vt. 469; *Barron* v. *Porter,* 44 Vt. 587.

*S. M. Pingree,* for the plaintiff.

There was no sufficient notice by the claimant. Mere knowledge on the part of the debtor is not enough. *Barron* v. *Porter,* 44 Vt. 587; *Peck* v. *Walton,* 25 Vt. 33.

The opinion of the court was delivered by

ROSS, Ch. J. The only contention on the facts reported, is, whether the plaintiff or claimant is entitled to the funds in the hands of the trustee. The defendant was indebted to the claimant, and had given him a mortgage on his premises to secure

Holt *v.* Babcock.

a portion of the indebtedness. Whether the mortgage was over-due is not stated. The claimant consented to a sale of the grass growing on the mortgaged premises, on condition that he should receive the purchase price. Thereupon the defendant sold the grass to the trustee, directing the trustee to pay the purchase price to the claimant.

In furtherance of this arrangement between the claimant and the defendant, the latter gave the former a written order on the trustee for the purchase money for the grass. The claimant went with the order to the trustee's house, but found the trustee away from home. He showed the order to the wife of the trustee, and she communicated to her husband what she had learned from the claimant. This was notice of the assignment of the purchase money for the grass to claimant, coming to the trustee, from the claimant. It was notice to him, originating from, and by the procurement of the claimant, within the decision of *Barron* v. *Porter*, 44 Vt. 587. It was put in motion by the claimant, and it reached the trustee before he was served with process in this suit. It therefore protected the claimant's right to the fund in the trustee's hands, acquired by the assignment from the defendant.

*Judgment reversed, and judgment that the trustee is discharged with costs, and that the claimant is entitled to the fund in the trustee's hands, with costs.*