GRACE I. PARKER *vs.* TAYLOR O. PARKER, defendant, O. H. SMITH, tr., and J. P. LAMSON, S. C. SHURTLEFF and P. G. CAMP, clts.

Argued May Term, 1898.

Present: Ross, C. J., TAFT, START and THOMPSON, JJ.

Re-argued January Term, 1899.

Present: TAFT, C. J., ROWELL, START, THOMPSON and WATSON, J.J.

Opinion filed July 15, 1899.

*V. S. 1752—Misappropriation of Trust Funds—Close Jail Execution.—* The plaintiff's grandfather, shortly before his death, placed in the hands of the plaintiff's father, the defendant, the sum of five hundred dollars in notes to be paid with accumulations to the plaintiff upon her becoming of age. The defendant expended the entire amount in educating the plaintiff and in support of himself and family, claiming that such were the conditions upon which the fund was received. *Held,* that the case fell clearly within the letter and spirit of V. S. 1752, entitling the plaintiff to a close jail execution.

*V. S. 1752—Right to Close Jail Execution Even Where Trustee Process Is Used.—*That property was attached upon the writ and the debtor of the defendant summoned as trustee, did not affect the plaintiff's right to a close jail execution.

*Trustee Process—Notice of Assignment.—*To make an assignment of a chose in action effective as against trustee process, notice thereof to the

trustee must have been given, before the service of the writ, by the procurement of the assignee—mere knowledge of the assignment on the part of the trustee being insufficient—but the fact that the notice is given by such procurement need not be made known to the trustee.

*Attorney's Lien.*—This court adheres to *Weed* v. *Boutelle*, 56 Vt. 570, holding that an attorney has a charging lien upon a judgment for his services and disbursements in the suit in which it is recovered, which will prevail against trustee process.

GENERAL ASSUMPSIT.   Trial by jury, at the September term, 1897, Washington county, *Tyler* J., presiding.   Verdict and judgment for the plaintiff with a close jail certificate against the defendant.   The defendant excepted.   The cause was then continued as to the trustee and a commissioner appointed, upon whose report at the March term, 1898, *Munson*, J., presiding, judgment was rendered for claimants Shurtleff and Lamson and against claimant Camp, and discharging the trustee except as to the claimants first named.   Claimant Camp excepted.

Upon the jury trial the plaintiff's evidence tended to show that the grandfather of the plaintiff shortly before his death placed in the hands of the defendant, the plaintiff's father, the sum of five hundred dollars in notes to be paid with accumulations to the plaintiff upon her becoming of age.   The defendant's evidence tended to show that he received the notes with liberty to use the proceeds for the support of himself and family, including the plaintiff, who was then in her minority, and that he had thus expended the entire amount.

The suit was begun and continued by the trustee process and attachment of property.

Neither Lamson nor Shurtleff ever gave the court notice of their lien, nor filed any written statement in either court asserting the same.

*John W. Gordon* for claimant Camp, and defendant.

*J. P. Lamson* for plaintiff, trustee, and claimants Lamson and Shurtleff.

THOMPSON, J. (1) In *Parker* v. *Parker*, 69 Vt. 352, it was held in the case at bar, that the plaintiff could maintain an action at law to recover the trust funds in the hands of the defendant, belonging to her. No question was made in the court below as to whether the plaintiff must declare in special assumpsit, instead of declaring as she did, in the general counts in assumpsit. Hence it must be taken that the defendant's exception to granting a certified execution against him, was upon the ground that the facts before the county court were not such as to warrant the granting of such an execution, as a matter of law, and that the objection and exception was so understood by that court. V. S. 1752 provides that "in an action for the recovery of money held in a fiduciary capacity, if it appears to the court that a defendant intentionally converted said money or other property to his own use, or diverted or misapplied the same, or the use thereof, it shall adjudge that the cause of action arose from the wilful and malicious act or neglect of such defendant, and that he ought to be confined in close jail, and issue execution against his body, with a certificate thereof, stated in or upon such execution, and such execution, with such statement or indorsement, shall have the same effect as an execution issued on judgments founded upon tort, with a like statement or indorsement." There is no doubt but that the facts of the case brought it clearly within the letter and the spirit of this section of the statute. The fact that the plaintiff had attached a fund in the hands of a trustee, which was claimed to belong to the defendant, did not disentitle her to this adjudication as to a close jail execution.

(2) The claimant Camp excepted to the judgment of the county court in favor of S. C. Shurtleff, claimant for $75.75 of the fund, and in favor of J. P. Lamson, claimant for $63.00 of the fund, with costs to each against claimant Camp, and adjudging that he is not entitled to any of the fund, and that the trustee is chargeable in the sum of $426.37 less the amounts allowed Shurtleff and Lamson and less his costs.

The fund in the trustee's hands was assigned to claimant Camp by the defendant, November 1, 1894. The writ was served on the trustee, January 14, 1895. The right of Camp to the fund as against the plaintiff depends upon whether he gave notice of the assignment to him, to the trustee as required by law, prior to the service of the writ on the latter. The assignment to Camp was in writing and under seal. At the time of its execution by the defendant, there was written on the back thereof the following acceptance: "At Marshfield in said county of Washington; I hereby accept said assignment and herein agree to pay over all money to said P. G. Camp under the condition and stipulation mentioned herein described. Marshfield, Vt., November, 1894." November 29, 1894, defendant Parker, at the request of Camp, carried this assignment to the trustee and requested him to sign the acceptance written on the back thereof, which he refused to then do, saying he should want to consider the matter. The assignment was then left with the trustee, who kept it a few days, copied it and handed it back to the defendant, and again refused to sign the acceptance written thereon. This all occurred before the service of the trustee process. Notice of the transfer of a promissory note, chose in action or other claim or right, in order to protect it from attachment by trustee process in a suit against the assignor, must be given by the assignee or by his procurement. Knowledge of the assignment, on the part of the trustee is not enough, nor is notice from the assignor or a stranger, without the procurement of the assignee. *Peck* v. *Walton*, 25 Vt. 33; *Webster* v. *Moranville*, 40 Vt. 701; *Farm & Mech. Bank* v. *Drury*, 35 Vt. 469; *Barron* v. *Porter*, 44 Vt. 587. The notice in question was given the trustee by the procurement of claimant Camp, and the trustee understood it to be a notice of the assignment. It was not necessary for Parker to disclose to him that in delivering the assignment to him, he was acting as Camp's agent. Under the decisions of this

court it is clear that the notice was sufficient to protect Camp's interest from trustee process served subsequently thereto. *Brickett* v. *Nichols*, 30 Vt. 743; *Barron* v. *Porter*, 44 Vt. 587; *Holt* v. *Babcock*, 63 Vt. 634; *Enright* v. *Beaumond*, 68 Vt. 249. Hence as between the plaintiff and claimant Camp, the latter is entitled to the fund in the hands of the trustee.

Whether claimant Camp prevails against claimants Shurtleff and Lamson, depends upon whether they have an attorney's lien which attaches to the fund in the trustee's hands. This fund is the fruit of litigation in favor of defendant, Taylor O. Parker, against the estate of Sally O. Parker, deceased, of which the trustee, O. H. Smith, then was, and now is, the administrator. This litigation was ended at the September term for 1894 of Washington county court, upon a stipulation of the parties filed in that court, September 13, 1894, by virtue of which stipulation the sum of $426.37 was decreed to said Taylor O. Parker. On the day after the filing of this stipulation, Shurtleff and Lamson gave notice to the attorney of Smith, that they claimed an attorney's lien upon this fund, and he on the same day communicated this notice to Smith. Afterwards, on October 24, 1894, Lamson, acting in his own behalf and for Shurtleff, gave Smith a like notice. The amount so decreed, is the fund in the trustee's hands. It is urged by Camp, that the decree by which Taylor recovered this sum must have been rendered by the probate court, subsequent to the proceedings in the county court, and that there never was a judgment of the county court in respect to the fund, and, therefore, there was nothing in that court to which an attorney's lien could attach. As we construe the report, it finds that the decree was rendered by the county court. This also accords with the presumption that must prevail, the contrary not appearing, that the proceedings in the county court were according to the regular course of such proceedings. That court was then sitting as a probate

court in respect to that litigation, and its judgments and decrees therein would be certified to the probate court, and it would be the duty of the latter court to enroll and carry out such judgments and decrees. Shurtleff and Lamson were the attorneys of Taylor O. Parker in that litigation. There is no occasion to depart from the holding in *Weed Sewing Machine Co.* v. *Boutelle,* 56 Vt. 570, in respect to an attorney's charging lien upon a judgment for his services and disbursements in the suit in which it was recovered. Upon the facts found, Shurtleff and Lamson, have an attorney's lien for the amount of their respective bills for services rendered in that litigation, on the fund in question.

*Judgment as to principal debtor is affirmed with costs. Judgment in favor of claimants Shurtleff and Lamson affirmed with costs against claimant Camp. Judgment as to claimant Camp and trustee, reversed, and judgment that claimant Camp is entitled to the fund in trustee's hands after deducting the sum of $138.75 held to belong to said Shurtleff and Lamson, and that he recover his costs of the plaintiff, except those which accrued in the litigation of the claims of Shurtleff and Lamson. Trustee discharged with costs.*