WILLIAM E. JOHNSON *v.* C. C. PAINE *et al.*

October Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 4, 1911.

*Unincorporated Associations—Construction of Constitution—Lia-*
*bility of Members—Conclusiveness of Judgment against*
*Association—Action against Members under P. S. 1534—*
*Presumption in aid of Judgment—Ratification of Action of*
*Executive Committee.*

A judgment, obtained against an unincorporated association under P. S.
1448, is conclusive, as to all matters involved in the suit, upon all
persons who were members of the association when the liability merged
in the judgment was created.

In an action, under P. S. 1534, against the surviving member of an unin-
corporated association, whose charter is in no way before this Court,
except that the charter is made a part of the finding of facts, which
quotes only the section thereof which governs membership, it will be
assumed that the exceptant is satisfied with the other provisions of
the charter as stated and construed by the lower court.

In an action, under P. S. 1534, against the surviving member of an unin-
corporated association, whether, at the time the liability merged in
plaintiff's judgment was created, defendant was, and whether he then
intended to be, a member of the association, under the section of the
charter governing membership, were questions of fact on the evidence,
and a determination thereof against him is conclusive.

The section of the constitution of an unincorporated agricultural society:
"Any person may become a member of the society by paying one dollar,
which shall entitle such person to membership for one year,  *  *  *
and the membership shall terminate at the annual meeting, and to be
entitled to vote at said meeting he shall pay, or pledge to pay, one
dollar," does not show that the association is not continuous, but only
that continuous membership depends on the payment of the annual fee.

Though it is not expressly found that the association was, and was designed
to be, continuous yet, as that is fairly inferable from the findings made,
it will be presumed, in support of the judgment, that the lower court
so inferred.

A vote at the annual meeting of an unincorporated association, while de-
fendant was still a member thereof, to ratify and confirm the previous

action of its executive committee in employing plaintiff cured any
defect in   that action and was binding ·on defendant.

ASSUMPSIT, based on P. S. 1534, against the surviving
member of an unincorporated association.   Plea, the general
issue.   Trial by court at the June Term, 1909, Windsor County,
*Hall*, J., presiding.   Judgment for the plaintiff to recover the
unpaid balance of his judgment.   The defendant excepted.

The Union Agricultural Society was formed for the purpose
of promoting agricultural interests and holding an annual fair
at Tunbridge, Vermont.   A new constitution was adopted by
the society February 1, 1876.   This was amended in 1878 by
changing the time of holding the annual meeting from February
to November, and again in 1882 by changing the time of holding
such meeting from November to January.   Prior to and on
November 25, 1898, a suit was pending against the society in
favor of one Benedict who was injured at one of said annual
fairs.   Pursuant to a vote of the society on the day last named,
the plaintiff was retained as one of the counsel to assist in de-
fending that suit, and rendered legal services in that behalf.
The plaintiff brought suit against the society to recover for his
services so rendered, and on June 20, 1904, he recovered judg-
ment therein for $153.61.   Execution was issued on the judg-
ment September 23, 1904, and the same was returned wholly
unsatisfied on the day following.   Sometime in November of same
year the sum of forty-five dollars was received by the plaintiff
from some source other than the defendant to apply on the
judgment.   The amount of the judgment still unpaid is $108.61.

It was the custom of the society at its annual meeting to
"dissolve " the society of the then current year, and reorganize
and elect officers for the ensuing year.   Other material facts
found are recited in the opinion.   Before the trial on the merits,
all of the defendants had deceased or been discharged, except
C. C. Paine, now the sole defendant.

*N. L. Boyden* for the defendant.

*Hunton & Stickney, John G. Sargent* and *Darling & Dar-
ling* for the plaintiff.                                      •

Membership in an association such as this is a question of fact to be determined by all the circumstances surrounding the dealings and relations between the alleged member and the association.  *Smith* v. *Hollister,* 32 Vt.  695; *Murray* v. *Walker,* 83 Iowa 202, 48 N. W. 1075; *Tyrrell* v. *Washburn,* 6 Allen 466; *Patch Mfg. Co.* v. *Capeless,* 82 Vt.  1; *Cutler* v. *Thomas,* 25 Vt. 73.

WATSON, J.    This action, based upon P. S. 1534, is to recover the amount unpaid upon a judgment recovered by the plaintiff against the Union Agricultural Society, an unincorporated association, of the defendant Paine, as a member thereof.

The judgment against the society is conclusive, as to all matters involved in the suit, upon all persons who were members of the association when the liability merged in the judgment was created.    Hence liability of the defendant in the action before us depends upon whether he was such a member.    *Patch Mfg. Co.* v. *Capeless,* 79 Vt. 1.

There were two methods of becoming a member: one was by a person present at the annual meeting of the society signing a paper to that effect, either in person or through the secretary, and paying the sum of one dollar.    It is not found, nor is it claimed, that defendant became a member in this way.    The other method was that provided by article 14 of the constitution of the society, which reads:    "Any person may become a member of the society by paying one dollar which shall entitle such person to membership for one year with privilege of exhibiting at the annual fair and of voting at all meetings and elections of the society, and shall be entitled to one ticket of admission, and the membership shall terminate at the annual meeting, and to be entitled to vote at said meeting he shall pay or pledge to pay one dollar."    The constitution is made a part of the findings of fact, but, except as to article 14, neither the original nor a copy has been furnished us.    We therefore assume that the exceptor is satisfied with the other provisions thereof as stated and as construed by the court below.

It is said that the treasurer's book marked "G", the book identified as a record of premiums, marked "J", and book marked "C", containing premium lists and regulations of the Union Agricultual Society duly and regularly published by it, were

improperly received in evidence. However this may be, no exception appears to have been saved to the admission of any of them. The exceptions in fact taken to the rulings in receiving or excluding evidence are not relied upon in defendant's brief. And no exception was saved to any of the findings of fact. The case stands for consideration therefore on the exception to the judgment.

It is found that from the year 1887 down to and including the year 1899 the defendant was a constant exhibitor of stock and poultry at the annual fair of the society; that he had seen and read the premium list for the year 1898 as well as other years prior and subsequent thereto, and knew the conditions under which he could exhibit, namely, by the purchase of a membership ticket, and on each of the years of so exhibiting he purchased such a ticket, paying one dollar therefor, including the years 1898 and 1899; that he attended the fair and received from time to time numerous premiums in money from the society for the exhibits so entered by him; that defendant knew he held such tickets from 1887 to 1899 inclusive, knew the requirements as to members exhibiting, and knew he was a member of the society during all that period (which included the time when the liability merged in plaintiff's judgment against the society arose) and entitled to all the privileges of a member.

It is argued that it appears from the record that the defendant testified he did not intend to become a member, and there is no finding that he did; and consequently, under the holding in *Tarbell & Whitham* v. *Gifford*, 82 Vt. 222, the facts presented are not sufficient to support a judgment against him. In this respect the finding is, that the defendant intended to do what it is found he did do, to become a member. Whether he became a member under the provisions of article 14 was a question of fact upon the evidence including that bearing upon his intent, and the determination thereof against him is conclusive. *Smith* v. *Hollister*, 32 Vt. 695.

It is contended that since by article 14 the membership is for one year and terminates at the annual meeting, the society is an annual one terminating with the membership. Yet these provisions do not show that the association was formed for any particular period, nor that it is not continuous. Indeed, the

provision that the payment of the sum named "shall entitle such person to membership for one year," ending "at the annual meeting," indicates that continuous membership depends upon the payment of such sum annually, rather than that the association ends at such meeting by its own limitation. Moreover, it is found that the treasurer's account went right along and any balance of cash in his hands was carried forward as so much cash on hand at the beginning of the ensuing year; that no disposition of the property of the society or division of funds was ever made; and that by the members and officers the society was treated as continuing. It is not expressly found that the association was designed to be and was continuous (see *Tenney* v. *N. E. Protective Union*, 37 Vt. 64.), yet it is fairly inferable from the findings made, and if necessary to the affirmance of the judgment we will presume that such inference was made by the court below.

Lastly it is said that the defendant cannot be held liable, because it appears that the vote authorizing the plaintiff's employment was taken at a special meeting called by the executive committee for a particular purpose, of which meeting the defendant had no notice, and at which he was not present. It is a sufficient answer to this position, however, that at the annual meeting in January 1900, and before the vote to dissolve "the association of 1899", of which the defendant was a member, the employment of the plaintiff was ratified and confirmed.

*Judgment affirmed.*