HORACE R. PLUMLEY'S ADM'R. *v.* FRED Z. PLUMLEY AND ZIBA
PLUMLEY.

November Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed March 9, 1911.

*Executors and Administrators—Injury to Decedent's Estate after
His Death—Administrator's Right to Maintain Trespass
on the Freehold—Review—Presumptions.*

This Court will make only necessitated presumptions or inferences for the
purpose of a reversal.

The mere fact that plaintiff is administrator of a decedent's estate does
not show that plaintiff has the right to maintain trespass on the free-
hold for injuries to real property of which the decedent died seized,
committed after his death, for plaintiff, notwithstanding the lien on
real property which an administrator may assert in connection with
the settlement of an estate, may have surrendered possession to the
heir before decree of distribution, and before the expiration of the time
for paying the debts, as P. S. 2838 recognizes that he may.

TRESPASS on the freehold. Plea, the general issue with
notice. Trial by court at the September Term, 1907, Rutland
County, *Hall*, J., presiding. Judgment for defendants. Plain-
tiff excepted. The opinion states the case.

*Charles L. Howe* for the plaintiff.

*John D. Spellman* for the defendant.

HASELTON, J.   This is an action of trespass on the freehold
brought by the administrator of Horace R. Plumley against
Fred Z. Plumley and Ziba Plumley. The case was tried by the
court and upon the facts found judgment was rendered for the
defendants to recover their costs. The plaintiff excepted.

June 6, 1906, the plaintiff's intestate was the owner of land
from which a house had previously been sold. On that day

he sold a barn on the premises for twenty-five dollars and re-
ceived the money. He gave a receipt signed and dated, the
body of which read: "Received $25 Dol of Fred Z. Plumley
for said barn." It was orally agreed that the barn was to be torn
down and taken from the land when the plaintiff's intes-
tate Horace removed his hay from the barn. December 24,
1906, Horace died. Sometime before his death he got the
receipt and showed it to his sister, admitted the sale, the receipt
of the money and his signature to the paper given. The hay
had not been removed when he died. The plaintiff adminis-
trator claimed that the receipt was a forgery and notified the
defendants, Fred Z. and his brother Ziba, not to take down the
barn nor to move the lumber. After receiving this notice the
defendants went upon the land took down the barn and moved
part of it away. The administrator brought this suit and claims,
among other things, that the receipt was not admissible under
the Statute of Conveyances as evidence of the sale of real estate,
that the agreement as to the removal of the barn would not
vest the title to the barn in Fred until severance and delivery,
that if the agreement amounted to a license it was executory
and revocable and, that the plaintiff administrator revoked it by
the notice which he gave though retaining the money. He
suggests, however, that he or the estate of Horace is liable to
account for the twenty-five dollars which Horace got and for
which he had given a receipt falsely claimed by the plaintiff
to be a forgery.

The plaintiff does not make the point that a mere license
unexecuted is revoked by the death of either the licensor or
the licensee. We do not discuss that question, nor in fact
the questions raised by the plaintiff, for the mere fact that the
plaintiff is the administrator of Horace Plumley does not give
him a right to maintain trespass for injuries to real estate of
which his intestate died seized, such injuries having been in-
flicted after the death of the intestate. That mere fact is all
that here appears to maintain that right. The principle is
illustrated in various ways in the cases. *Lyman* v. *Webber*, 17
Vt. 489; *Hawkins* v. *Hewitt*, 56 Vt. 430; *Babbitt* v. *Bowen*, 32
Vt. 437; *Roberts' Admr.* v. *Morgan*, 30 Vt. 319, 328; *Austin* v.
*Bailey*, 37 Vt. 219, 222.

Our Statute, P. S. 2838, recognizes that notwithstanding the lien on real property which an administrator may assert in connection with the settlement of an estate, he may nevertheless surrender possession to the heir before there is a decree of the probate court and before the time for paying debts has expired.

For anything that appears in this case the plaintiff may have surrendered the possession of the real estate to the heir or heirs and so not have been entitled to maintain this action of trespass on the freehold.

Whatever presumptions the court below might have been warranted in making or whatever the presumptions which this Court might make to uphold the judgment, we make no unnecessary presumptions or inferences for the purposes of a reversal.

Under an exception to the overruling of a motion not complied with, by which motion further findings were requested, the plaintiff raises questions other than those already noticed. But these questions relate to the plaintiff's false claim that the receipt was a forgery and to the question of damages. Therefore, in the view taken of the case, they are immaterial.

*Judgment affirmed.*