L. L. WOLCOTT *v.* EDMUND MONGEON, JULES MONGEON, TRUSTEE, AND ROCK HOULE, CLAIMANT.

November Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed November 30, 1914.

*Assignment—Validity Against Trustee Process—Notice—Sufficiency—Burden of Proof—Presumptions—Inferences by Court—Scope of Review—Exception—Sufficiency.*

To make the assignment of a fund good as against trustee process notice of the assignment must be given to the trustee by the assignee or by his procurement, so notice by the assignor is ineffectual.

It is only in support of a judgment that it will be presumed on review that the trial court made from the facts found unexpressed inferences, and then only such as fairly and reasonably may be drawn from those facts.

Where the claimant of a fund attached by trustee process relies on an assignment, he has the burden of showing both the assignment and the requisite notice thereof to the trustee.

An exception to a judgment as not warranted by the findings does not raise the question of whether the findings are warranted by the evidence.

The evidence will not be reviewed in order to determine the correctness of findings, where no finding or failure to find was challenged below as not warranted by the evidence.

ASSUMPSIT. Trial by court at the March Term, 1914, Chittenden County, *Fish*, J., presiding, on the liability of the trustee. Judgment that the trustee is liable. The claimant excepted. The opinion states the case.

*Sherman R. Moulton* for the claimant.

*Guy M. Page* for the plaintiff.

HASELTON, J. This is an action of assumpsit. There was judgment against the principal defendant, as to which no question arises. On hearing as to the liability of the trustee, the court adjudged the trustee liable, and the claimant excepted.

It appears by the findings of fact and the exhibits, which are referred to and made a part thereof, that in October, 1910, Edmund Mongeon and his wife made a contract for the purchase of a piece of real estate of Rosalie Houle and her husband Peter, the consideration to be met by monthly payments. Shortly after, Rosalie Houle and Peter Houle, living out of the State, gave Rock Houle, a brother of Peter, and so a brother-in-law of Rosalie, a power of attorney in their name and stead to collect of Edmund Mongeon and his wife the monthly installments as they should become due.

Jules Mongeon, the trustee is a brother of Edmund Mongeon, the principal defendant, and is administrator of the estate of the father of the Mongeons.

The following facts are found by the trial court. In July, 1912, Edmund made a written assignment of his interest in his father's estate to Rock Houle as agent, and Edmund, the assignor, personally delivered it to his brother Jules, the administrator. At the time of the assignment Edmund knew that he was indebted to the plaintiff and had no property other than his interest in his father's estate that could be reached by creditors. In September, 1912, a decree of distribution was rendered under which the sum of $405.48 was Edmund's share in the estate, and shortly thereafter this suit was brought, and service was made upon Jules, the administrator, as trustee. After this service, Jules, the trustee, purporting to act under the assignment, made a payment to Rock Houle toward the debt of Edmund, on the real estate purchase, of the sum of $255.48. There had been default in payments, but this payment covered

all arrears and met all payments due, and left a balance of
$150 in the hands of Jules. This balance is the sum here in
dispute for which the trustee was adjudged liable. Rock Houle
claims this sum as a further application on the purchase price
of the real estate contracted for between Edmund Mongeon
and his wife of the one part and Rosalie Houle and her husband
of the other part. The claimant Rock· Houle, it will be re-
membered, held a power of attorney from Rosalie Houle and
her husband to collect these payments as they should become
due. The court found that the assignment was a fraud upon
the creditor Wolcott, the plaintiff herein.

In order to protect this fund from trustee process, notice
of the assignment must have been given to the trustee by the
assignee, or by his procurement, which is the same thing.
Notice by the assignor would be ineffectual. *Parker* v. *Parker,*
71 Vt. 387, 45 Atl. 756; *Barron* v. *Porter,* 44 Vt. 587; *Brown*
v. *Millington,* 25 Vt. 242; *Hutchins* v. *Watts,* 35 Vt. 360; *Noyes*
v. *Brown,* 33 Vt. 431; *Webster* v. *Moranville,* 30 Vt. 701;
*Thompson* v. *Downing,* 40 Vt. 646; *Peck* v. *Walton,* 25 Vt. 33;
*Holt* v. *Babcock,* 63 Vt. 634, 22 Atl. 459.

The question of notice to the trustee by or by procurement
of the claimant lies at the very threshold of this case.

The court finds that the notice was given by the assignor,
and there is no finding or suggestion in the findings, that
the assignor acted for the assignee or by his procurement, and
it is only in support of a judgment that this Court will pre-
sume that the trial court made from the facts found unexpressed
inferences, and then only such as fairly and reasonably may be
drawn from the facts found. *Whitehead* v. *Whitehead,* 84 Vt.
321, 79 Atl. 516; *Adams* v. *Ladeau,* 84 Vt. 460, 79 Atl. 996; *John-
son* v. *Paine,* 84 Vt. 84, 78 Atl. 732; *Plumley's Admr.* v. *Plumley,*
84 Vt. 286, 79 Atl. 45; *Pitkin's Admrs.* v. *City of Montpelier,*
85 Vt. 467, 483, 82 Atl. 671; *Sowles* v. *Village of St. Albans,*
71 Vt. 418, 45 Atl. 1050; *Earle's Admr.* v. *Blanchard,* 85 Vt.
288, 296, 81 Atl. 913; *Russell* v. *Davis,* 69 Vt. 275, 37 Atl. 746;
*Pratt* v. *Page,* 32 Vt. 13; *Allen Lumber Co.* v. *Higuera,* 86 Vt.
453, 459, 85 Atl. 979; *Lumbra* v. *Campbell,* 84 Vt. 51, 78 Atl.
120.

The claimant made five requests for additional findings and
excepted to the failure of the court to comply with each of
them, but made no request for any further findings as to the

matter of notice. The claimant also excepted to the judgment upon the facts found, on the ground that the judgment was not warranted by law. But the facts found warranted the judgment, for the burden was on the claimant, if he would prevail, to show not only the assignment but the required notice by him or by his procurement, and the facts found did not show that. In discussing this point we need not consider whether or not the court should have complied with any of the claimant's requests, for a compliance with all of them would not have supplied this essential fact.

There was no exception to the finding that the notice of the assignment was given by the assignor, nor to the failure of the court to find that it was given by the assignee or by his procurement.

The bill of exceptions refers to the transcript of the evidence on all questions of fact, but we sit only as a Court for the correction of errors in matters of law, in cases brought here on exceptions, and a finding or a failure to find must be challenged as not warranted by the evidence, and so a question of law be raised on the evidence, to make a reference to the evidence of any avail as to the facts found; and an exception to a judgment, as not warranted by the findings, does not raise the question of whether the findings are warranted by the evidence.

*Judgment affirmed.*