JOHN STEARNS, JR. AND M. Y. LANCASTER *v.* JOHN E. WRISLEY.

[IN CHANCERY.]

*Recognizance for writ of review. Trustee process. Promissory notes. Costs.*

If judgment be rendered against an absent defendant without personal notice, the fact that no recognizance for a writ of review was taken, does not affect the regularity of the *judgment,* but merely makes it irregular to issue an *execution* thereon.

Stearns et al. *v.* Wrisley.

Therefore, if an action against an absent defendant be brought by way of the trustee process, the trustee, if adjudged chargeable, will be protected in whatever payments he may make to the plaintiff in accordance with such judgment, notwithstanding no recognizance for a writ of review was taken.

The statute requiring notice to the maker of a promissory note of its transfer, in order to protect it against trustee process, contemplates actual personal notice, and not notice by mere legal implication, as, for instance, if the note is secured by mortgage, by the record in the town clerk's office of the assignment of .the mortgage and the note.

It appeared that two notes secured by mortgage were, together with the mortgage, assigned by the payee before their maturity. The maker of the notes, shortly after such assignment and before he received any actual notice thereof, was trusteed by a creditor of the payee, and adjudged chargeable for the amount of such creditor's claim. In his disclosure he claimed that an account in his favor against the maker, which by agreement was to be applied upon the notes, but which had not been indorsed, should be treated as a payment thereon, and it was accordingly deducted, together with his costs, from the first note, and he was adjudged trustee for the balance, and also for a sufficient portion of the second note, then not due, to make up the balance of the creditor's judgment. The trustee paid the amount of the judgment to the creditor. The orators, who derived their title to the notes from the assignee, brought a bill of foreclosure upon the mortgage after the maturity of the first note, but before the last one became due. *Held,* that the mortgagor, not having received actual notice of the assignment of the notes before he was trusteed, was properly adjudged chargeable, and that whatever he had paid on the judgment against him as trustee, as well as his costs, should be treated as a payment upon the notes; but that he could not set up his account against the payee as a payment upon the notes, *as against the orators,* whose title to the notes was that of *bona fide* holders for value before maturity.

*Held,* also, that as the orators had failed in the main purpose of the bill which was to obtain a decree for the whole amount of the notes, and as the defendant, when the second note became due, tendered the orators a sum sufficient to pay all which was in fact then due from him upon the mortgage, which they refused to accept, therefore the orators should not be allowed any costs, and the defendant should be allowed all his costs after the date of the tender.

Appeal from the decree of the court of chancery. The facts sufficiently appear in the opinion of the court.

The chancellor dismissed the bill with costs to the defendant but without prejudice to the orators in any future bill of foreclosure on the same mortgage.

From this decree the orators appealed.

*L. Henry*, for the orators.

*P. Dillingham*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. The bill, in this case, was brought to foreclose a mortgage given by the defendant to Dennis W. Bryan, dated the 26th day of March, 1852, to secure the payment of two notes of twenty dollars each, one of which was payable January 1st, 1853, the other was payable January 1st, 1854.

On the 5th day of October, 1852, this mortgage was assigned to George S. Bryan and John D. Smith, and said notes (which were payable to *bearer*), were at the same time transferred to them. On the 17th day of February, 1853, said mortgage and notes were transferred to the orators, and on that day this suit was commenced.

On the 7th of October, 1852, Samuel Jones brought his suit against said Dennis W. Bryan, and summoned this defendant as trustee. The writ was served on the trustee on that day, but no service was made on said Dennis W., on account of his having previously left the country. In that suit judgment was rendered against said Dennis W., for twenty-eight dollars and fifty-five cents damages, and three dollars and seven cents costs. This defendant, as trustee, disclosed the giving of said notes, and that prior to the service of said trustee process on him, he had no notice of their having been transferred by said Dennis W.; that he had paid nothing on said notes, except some five dollars, by way of an account against said Dennis W., which was to be turned on said first note. The precise sum turns out to be five dollars and twenty-nine cents. It was never indorsed on said note. The defendant was adjudged trustee for the amount of the judgment recovered by Jones, as above stated, with interest, computed to January 1st, 1854, at which time the second note fell due ; in which adjudication he was allowed on said first note the sum of five dollars, as the amount of said account, as so much in payment thereof, and eighty-one cents as his costs as such trustee.

The amount for which he was adjudged trustee, including the costs allowed to him, was thirty-four dollars and seventy-seven cents. The defendant has paid said judgment against him as

trustee, and claims that what he has thus paid, together with his said account, and his costs, shall be held as a good payment upon said notes.

The defendant, in his answer, sets forth the facts, and avers and insists that he had no notice of the transfer of said notes, prior to the service of said trustee process on him.

The answer was traversed, and testimony was taken by both parties, on the question, whether the defendant was notified of the transfer of said notes before the service of said trustee process on him. The only controversy, as to matters of fact, is upon this question.

I. On the case as made up by the files and record evidence, it is claimed by the orators that no recognizance for review was entered before the magistrate, as is required by statute in case of judgment by default against an absent defendant who has not had personal notice of the suit; and that, therefore, the judgment against Dennis W. Bryan is void; and, as a consequence, that the adjudication as to his trustee in the same suit is of no validity, and gives no warrant, and affords no protection for the defendant, in paying said judgment against him as trustee of said Dennis W.

The provision of the statute in this behalf has no reference to the rendering of the judgment, but only to the issuing of an execution upon a judgment *already rendered.* It would seem that a neglect to comply with this provision of the statute could only be taken advantage of by the defendant in that suit, by a direct proceeding predicated upon the irregularity in the issuing of the execution, but in no manner calling in question the regularity of the judgment itself. It is difficult upon, or in analogy to, any principle, or rule, or usage, to hold that a trustee, under a valid adjudication, who is subject to being reached by execution issued in pursuance of that adjudication, may be put to the peril, on the one hand, of insuring the regularity of the issuing of the execution, when called upon by an officer for its satisfaction, or, on the other, of losing the protection which such satisfaction ordinarily gives, to the party making it.

If authority were needed on this subject, the case of *Westoby* v. *Day,* 22 Eng. L. & Eq. 261, and cases there cited, would be ample.

II. The assignment of the mortgage was duly executed and

recorded on the 5th day of October, 1852, two days before the trustee process was served on this defendant. The orators claim that the *record* of said assignment 'affected the defendant with notice of the transfer of the notes, secured by said mortgage.

It seems obvious that notice by mere' legal implication can not answer the purpose of the statute, requiring notice of transfer of a promissory note, in order to protect it against trustee process.

In every point of view, actual personal notice must have been contemplated by that provision of the statute, and so this court have virtually held, whenever the subject, in one form and another, has come under consideration.

The answer denies actual notice prior to the service of the trustee process. The testimony which bears on this subject, when fairly weighed, can hardly be regarded as overcoming the answer. We feel compelled to regard the answer as true in this respect. Under the views thus presented, the defendant is entitled to be shielded for what he has paid on the judgment. of Jones against him as trustee, and for his costs as such trustee.

III. But the orators still claim, that, as against them, as *bona fide* holders of said notes, transferred by the payee while current, without notice of the defendant's claim to have his account applied on the first due of said notes, said account can not be allowed and treated as payment, *pro tanto*, on said note. The defendant insists that as said account has been allowed to him in the adjudication of his liability as trustee, said adjudication is to be held conclusive against any holders of said notes, to the same extent as it would be against the payee of said notes, if he had not transferred them.

If the orators had brought a suit against the defendant on these notes, free from the intervention of the trustee proceeding, clearly the defendant could not have offset his account in such suit; nor could he have availed himself of it in defence, as payment *pro tanto*. The orators hold the notes, with all the rights accorded by the law merchant, subject only to the effect of the trustee proceeding without notice of the transfer having been given to the maker, as provided by statute. They were not party to the trustee judgment. They were not cited in as claimants, nor did they, of their own motion, appear as such in said trustee suit. Their failure to appear and prosecute as claimants, even though they knew of the pen-

dency of the suit, can not be held to affect them, only so far as that proceeding diverted the money due on those notes from their own, into the pocket of the creditor in that suit.   The creditor, as against the trustee, stands on the rights of the principal debtor, and subject to all legal offsets and counter equities.   The orators stand on the rights of the payee of the notes, but *not subject to such offsets and equities.*   We, therefore, can not countenance the claim, or the idea that the position of the orators in this case, is any different, in respect to rights and equities, as between this defendant and the payee of said note, from what it would be if said trustee process had not secured to the attaching creditor a portion of the money due on said notes.   Hence, we think the orators are entitled to their foreclosure for the balance of said notes, over what the defendant has paid on the judgment against him as trustee, together with his costs as such trustee.

IV.  The ordinary rule would entitle the orators to a decree for costs.   But the application of this rule is subject to the discretion of the court, in cases giving occasion for the exercise of that discretion.   It is obvious that the purpose of the orators, in instituting and prosecuting this suit, has been to enforce the payment to them of the full amount of the two notes.   The litigation, on their part, has been directed to the disarming of the defendant of the defence afforded by the judgment against him as trustee, and the payment thereof.   Nothing in the case indicates that if the orators had confined their claim to the balance of five dollars on the note first due, the defendant would have given them occasion for any suit.   Indeed, the evidence in the case rebuts that idea.   It is not pretended that the orators ever called on the defendant for the payment of that balance, or ever offered to take it in satisfaction of their right to claim against him upon that note.   The bill and the proofs of the orators go for the whole.   The evidence, on the part of the defendant, shows that on the day on which the last note fell due, he tendered to one of the orators the sum of ten dollars, in payment of any sum that might be due on the mortgage, which tender was not accepted, and the litigation has proceeded.   This sum, with what was paid on the judgment against the defendant as trustee, and his costs as such trustee, would have fully satisfied the whole amount then due on both notes.

On the whole, we think the decree of the chancellor must be reversed, and the orators allowed to have a decree for the sum due on the notes, deducting what the defendant has paid on the trustee judgment, and his costs as such trustee.

As to costs, inasmuch as the orators have failed, and the defendant has prevailed, in respect to the main purpose for which the bill was brought, under the views above expressed, the orators should not be allowed any costs; and the defendant should be allowed costs that have accrued, or shall accrue since the 1st day of January, 1854, both in the court of chancery and in this court.

The case is remanded to be proceeded with accordingly.