ARTHUR W. WILLIAMS *v.* LEVI P. SHEPHERD, *and Trustee,* JOSEPH CLARK, *and Claimant,* ORRA CROSBY.

*Trustee Process. Promissory Note.*

The trustee, in payment of a debt due to the principal debtor, executed and delivered to the latter as his !property, and without any knowledge of any intended transfer of it by the principal debtor, a promissory note payable to the claimant or bearer. Subsequently the claimant purchased the note from the principal debtor. *Held,* that in order to prevent the attachment of the note by the trustee process, as the property of the principal debtor, it was necessary for the claimant to notify the trustee of its transfer to him.

TRUSTEE PROCESS. The facts sufficiently appear in the opin- ion of the court.

The county court, at the December Term, 1859,—POLAND, J., presiding,—adjudged the trustee chargeable, to which the trustee and claimant excepted.

*Edwards & Stewart*, for the trustee and claimant.

*J. P. Sartle*, for the defendant.

PIERPOINT, J. It appears from the exceptions, that the note for which the trustee is sought to be made chargeable, was executed by him in payment of a debt due from him to the principal debtor, made payable to the claimant Crosby or bearer, and delivered to the principal debtor, and by him subsequently sold and transferred to the claimant, and the question that now arises in this case is, whether or not the note came into the hands of Crosby under such circumstances as to require him to notify the maker, the trustee, of the fact that the note was transferred to him, and that he was the owner of it, to avoid its being attached by the trustee process, as the property of the principal debtor.

By our statute all negotiable paper is made subject to the trustee process, unless it has been negotiated, and notice thereof given to the maker, etc., before process served.

If Crosby is to be regarded solely as the assignee of this note, and as deriving his title to it by virtue of a sale and transfer of it to him by the principal debtor, the statute would seem to require that he should notify the maker, in order to protect himself.

The case shows that the note was executed for a debt the maker owed the principal debtor. It was not made payable to Crosby, in pursuance of an agreement entered into between the three parties, that the debt so due should, by this process, be transferred to Crosby; so that it could be said, that the execution of the note was a consummation of such agreement, so as to vest the title to the note in Crosby on its execution, and make the defendant the mere agent of Crosby, to receive the note, and transmit it to him. If it had been, Crosby would have held the note as the payee, the party to whom the promise was originally made, and the person in whom the title vested on its execution;

and the defendant would never have been the owner of it, or have had any interest in it. In such case no notice would have been necessary to the maker. But we think it quite clear that Crosby had no interest in this note upon its execution. The note was delivered to the defendant as his property, so understood by all the parties, and Crosby had not, and was not to have, any interest whatever in this note, until he advanced the money upon it, and became its purchaser, which he did not do until a considerable time after its execution. If this trustee process had been served prior to the time Crosby advanced the money, there can be no question that the trustee would have been liable. He could not have defended, on the ground that the note was made payable to Crosby, or bearer, so long as the principal debtor held it as the owner and bearer. If then Crosby became the owner, it must have been by virtue of some transaction, by which the defendant's title to the note became vested in him, and this was the sale of the note to him by the defendant. Crosby then became the purchaser of the note, and held it as the assignee of the defendant. All this he perfectly understood, and if he would have protected himself against the trustee process, he should have given notice of his relation to the note, to the maker. Having failed to do this, it is very clear that he cannot now set up his claim to this note, against the right of the plaintiff (under the statute), to hold the maker thereof chargeable as the trustee of the defendant.

There is a wide distinction between this case, and that of *Marsh* v. *Davis et al.*, 24 Vt. 363. In that case the court held, that the trustee should not be made chargeable, on the ground that, before the service of the trustee process, the note, which was negotiable, had been duly negotiated to a third party, for a valuable consideration, who took it of the payee without any knowledge that any person had any connection with the note, except those whose names appeared upon the face of the instrument. To have required him to give notice to the maker to avoid his being held as trustee of another person than the payee of the note, would have been simply absurd. He was holding the note as the endorsee of the payee, and all that he had to protect himself against was a trustee process by the creditors of the payee.

But not so in this case. Here the holder of the note understood that he held it as the assignee of the defendant, and, as against his creditors, he should have secured himself by notice to the maker.

Having failed to do so, we think the trustee should be made chargeable, and the judgment of the county court affirmed.