GGORGE N. DALE *v.* JOHN E. KIMPTON, AND DYER & CLARK, TRUSTEES, AND THOMAS LYNCH & CO., CLAIMANTS.

*Trustee Process. Sufficiency of Notice of Assignment.*

No particular form or ceremony is prescribed or necessary, to constitute sufficient notice of the assignment of a debt, to protect it from attachment by trustee process as the property of the assignor; but it must be such knowledge or information, communicated by the assignee of the debt, or by his procurement, to the alleged trustee, as gives him fully to understand that such assignee is the owner of the demand.

The communication by which such knowledge or information is imparted, may be merely casual, and for no definite purpose, and yet be sufficient notice.

TRUSTEE PROCESS. A commissioner was appointed, who reported as follows :

"The last of February, 1870, the defendant sold to Dyer & Clark, the trustees, goods consisting of tea, tobacco, sugar, salt, and part of a hogshead of molasses, for the sum of $324.21. On the 2d of March, 1870, Thomas Lynch & Co., of Portland, Me., the claimants, held two notes against the defendant, then overdue, amounting to some more than $550, and one note not then due. On that day, the defendant had goods consisting of clothing, &c., in the store at Island Pond in which he had been trading, sufficient in value to secure the notes of the claimants then due ; and on the same day, W. A. Lynch, in behalf of the claimants, went to Island Pond to look after the claimants' debt against the defendant ; and in the evening of that day, he procured a writ in favor of the claimants against the defendant, and caused the goods in said store to be attached ; but none of the goods thus attached were the same goods sold by the defendant to the trustees as above stated. While said Lynch was at Island Pond as aforesaid, he saw the trustee Dyer, of the firm of Dyer & Clark, and made inquiries of him as to the circumstances of the defendant, and told him he came to Island Pond to look after Lynch & Co.'s claim against the defendant. Before said attachment was made, the defendant told said Lynch, that the trustees were owing him ; and Lynch inquired of the trustees, and was informed that they owed the defendant a small amount. On the 3d day of March, said Lynch saw the trustees, and requested them to buy some of the Kimpton goods which he had caused to be attached as aforesaid ; and told them he would receive their notes for goods upon Lynch & Co.'s claim against the

defendant. On the same day the defendant, in order to arrange said claim of Lynch & Co., settled a claim he had against the Norton Mills Co., and took an order therefor for $174, and also settled with the trustees for the goods sold them as aforesaid, and took the notes in question, bearing date at Island Pond that day ; one on three months, for one hundred and seventy-five dollars ; and one on four months, for one hundred and fifty dollars ; both payable to the defendant, or order, at Island Pond. Said notes were dated and made payable at Island Pond because the trustees did not wish to have them go into a Portland bank ; and, from their knowledge of the defendant's circumstances, the trustees supposed that the defendant would immediately transfer said notes ; but the defendant did not inform them that he intended to transfer the notes to the claimants ; but he did, on the same day, transfer said notes, and also said order, to the claimants, and one of the claimants' notes against the defendant which was then due, was surrendered, and the balance of said order and the Dyer & Clark notes, above the amount of the note surrendered, less the discount, was endorsed on the other overdue note which the claimants held against the defendant, by the said Lynch, leaving a balance due on the last-named note of about $50, which the defendant afterwards paid to the claimants. Said W. A. Lynch did not inform the trustees that the defendant had transferred their notes to the claimants. On the 10th of March, 1870, L. J. Additon, a member of the claimants' firm, was at the store of Dyer & Clark for the purpose of selling them goods for his firm, and there had talk with the trustee Clark, about molasses, and Clark showed him some that they had. Additon gave Clark their price for that description of goods, which was more than Dyer & Clark had paid for theirs at Island Pond. Additon asked Clark of whom they bought, and Clark said they bought of the defendant. Additon said, ' I suppose these are some of the goods bought of Kimpton for which the notes were given which we hold,' to which Clark replied, ' Yes: I guess you have not got any better paymaster than you had before,' referring to Kimpton. Additon did not intend at that time to give Dyer & Clark notice of the transfer of said notes to the claimants, and did not understand that such notice was necessary ; but Clark understood at that time that Additon referred to the notes in question in this suit.

" Upon the foregoing facts, the commissioner decides, that Dyer & Clark are not liable as trustees in this suit, and that the notes upon which the plaintiff claims to hold them as trustees, belong to the claimants."

The court, at the September term, 1872, REDFIELD, J., presiding, rendered judgment on the report that said notes belonged to the claimants, and that the claimants recover their costs. Exceptions by the plaintiff.

*D. S. Storrs*, for the plaintiff, cited *Peck & Co.* v. *Walton & Tr.* 25 Vt. 33 ; *Webster* v. *Moranville & Tr.* 30 Vt. 701 ; *Cahoon* v. *Morgan et al. & Tr.* 38 Vt. 234.

*Ray & Drew*, for the claimants, cited *Downer* v. *Marsh & Tr.* 28 Vt. 558 ; *Perrin* v. *Russell & Tr.* 33 Vt. 44 ; *Seward* v. *Garlin & Tr.* Ib. 582 ; *Hutchins* v. *Watts & Tr.* 35 Vt. 360 ; *Ayott* v. *Smith & Tr.* 40 Vt. 532 ; *Crozier* v. *Shants et al. & Tr.* 43 Vt. 478 ; *Barron* v. *Porter*, 44 Vt. 587.

The opinion of the court was delivered by

PECK, J.   The only question in the case arises between the plaintiff and the claimants of the promissory notes executed by the trustees, Dyer & Clark, to John E. Kimpton, the principal debtor, and is, simply, whether the notice to Dyer & Clark, of the transfer of the notes to the claimants, Thomas Lynch & Co., was sufficient to protect the debt against the attachment by trustee process as the property of the principal debtor, the payee of the notes.   No particular ceremony or form of words is prescribed or necessary to constitute the required notice ; but it must be such knowledge or information, communicated by the assignee of the debt, or by his procurement, to the alleged trustee, as gives him fully to understand that he, such assignee, is the owner of the demand.   In determining the question of the sufficiency of the notice in this case, the whole transaction of the various interviews of the parties should be considered, as what transpired on the 2d and 3d of March has a bearing on the interpretation of what was said between Additon, a member of the firm of Thomas Lynch & Co., and Clark, of the firm of Dyer & Clark, on the 10th of March. In view of what each already knew, there can be no doubt as to what Clark and Additon both understood by what was said between them at the interview on the 10th of March.   When Additon—after Clark had told him Dyer & Clark bought the goods

they were conversing about, of Kimpton—said to Clark, " I suppose these are some of the goods bought of Kimpton for which the notes were given which we hold ; " to which Clark replied, " Yes ; I guess you have not got any better paymaster than you had before," referring to Kimpton, there can be no doubt as to the number or identity of the notes referred to in the mind of both parties.   It was not a note, but *notes* that were spoken of; and there were two notes, and only two, executed by Dyer & Clark to Kimpton, and they were given for goods sold by Kimpton to them ; and no other notes are shown to have existed to which they could have referred.   Nor is there any doubt but Additon, in what he said, used the word *hold* in the sense of ownership, or that Clark so understood it, as his reply as to the change of paymasters clearly indicates ; especially when taken in connection with what he knew of the efforts made by Thomas Lynch & Co. on the 2d and 3d of March to secure their claim against Kimpton. It is equally clear that it was his own firm that Additon referred to as holding the notes.   The criticism of the plaintiff's counsel upon the notice as being vague and uncertain, is not well founded on any fair and reasonable construction.   The finding of the commissioner, that Clark understood at that time that Additon referred to these notes in question, was a necessary conclusion from the other facts he found, even if he had had no other evidence of it.   The fact that this conversation was not intended by Additon as a *notice* of the transfer of the notes, and that he did not know that any notice was necessary, does not destroy its effect as a notice.   If the notice was in other respects sufficient, it is not material that it should have been given for the purpose of protecting the debt from trustee process, or that it was intended as a notice for any purpose.   The communication by which the information is imparted by the assignee of a chose in action to the debtor, of the transfer of it to such assignee, may be merely casual and for no definite purpose, and yet be sufficient notice to protect the demand from attachment as the property of the assignor, by trustee process.   None of the objections made by counsel to the notice can prevail.

Judgment affirmed.