Hon. JAMES BARRETT,
Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD,
Hon. JONATHAN ROSS,
Hon. H. HENRY POWERS,
Hon. WALTER C. DUNTON,
} Assistant Judges.

---

## C. G. AUSTIN v. HORATIO RYAN; A. H. MASON, Trustee, AND WILLARD FARRINGTON, Claimant.

### *Trustee Process. Notice of Assignment.*

R. took M's overdue promissory note, of which he was the owner and holder, to F., an attorney, for collection, and indorsed it payable to F's order. F. brought suit thereon in his own name, and M. appeared and pleaded. R. and M. agreed to submit the differences between them, including that suit and a suit that M. had brought against R., to arbitration. The articles of submission recited that R. was the real plaintiff in the first-named suit and F. only nominal plaintiff. F. acted as counsel for R. in said suits and arbitration. At about the same time R. assigned to F. all his claims against M. as security for fees. The arbitrator made an award in favor of R. in which the note was allowed in full. Before the award, and while affairs were in the posture in which they were left by the assignment, a creditor of R's brought trustee process, summoning M. as trustee of R., and F. appeared as

claimant. *Held*, that the suit brought by F. was notice to M. that F. was the legal title-holder of the note, and sufficient to satisfy the statute requiring notice; that what was done in the matter of the submission had no effect to devest F. of his rights, nor to estop him from their assertion; and that F. was therefore entitled to the funds in the hands of M.

TRUSTEE PROCESS. A commissioner was appointed who reported the following facts :

In the spring of 1875 the defendant, who held the trustee's promissory note of January 1, 1873, for $200, payable to himself, or order, on demand, took the note to the claimant, who was an attorney, for collection, and indorsed it payable to the claimant's order. The claimant took it so indorsed, intending to hold it as security for any charges that he or his partner might have against the defendant in matters then pending, and brought suit thereon in his own name, in which the trustee appeared and pleaded. In the following summer the trustee brought an action of replevin against the defendant in his own name. In the succeeding spring he and the defendant agreed in writing to submit the matters in difference between them, including both of said suits, to arbitration. The submission recited that the defendant was the real party plaintiff in the first-named suit, and that the claimant was a nominal party only. At about the same time, whether before or after did not appear, the defendant assigned " all claims " that he then had against the trustee to the claimant, to secure him and his partner for all that he then owed or thereafter might owe them for fees and disbursements in said suits and arbitration ; and the claimant notified the trustee's attorney thereof, and requested him to notify the trustee, but it did not appear that any notice was in fact given to the trustee of said assignment, or of any lien in behalf of the claimant, other than in and by said first-mentioned suit, as aforesaid, and by the claimant's appearance in said suits and arbitration for the defendant. Afterwards on January 17, 1877, the writ in this suit was served on the trustee. On February 24, following, the arbitrator made his award that the trustee should pay the defendant the sum of $161.56, and the sum of $32.16 taxable costs, together with certain expenses of arbitration. In that award said note was allowed at the sum of $200,

with interest. The claimant and his partner had a valid claim against the defendant for services and expenses in said suits, &c., to the amount of $252.25, of which the claimant became the sole owner on February 26, 1877, by dissolution of his and his partner's copartnership.

At the September Term, 1877, Franklin County, the court, Royce, J., presiding, rendered judgment on the report that the trustee was not chargeable, and that the funds in his hands belonged to the claimant; to which the plaintiff excepted.

*E. A. Sowles*, for the plaintiff, and plaintiff *pro se*.

The only notice the maker of the note had was what he derived from the bringing of the suit in the claimant's name. The submission shows that the claimant was only the nominal party. That notice would not enable the claimant to hold the avails of the note as against the trustee process. Notice, to constitute a transfer of the ownership of a note should be the same as that required in cases of chattels, as against the trustee process. *Beech* v. *Canaan*, 14 Vt. 485; *Peck* v. *Walton*, 25 Vt. 33; *Cahoon* v. *Morgan*, 38 Vt. 234; *Ayott* v. *Smith*, 40 Vt. 532.

The notice to the trustee's attorney was not such notice to the trustee as will defeat trustee process. Gen. Sts. c. 34, s. 47; *Bank* v. *Drury*, 35 Vt. 469; *Griswold* v. *Davis*, 31 Vt. 390, and cases *passim*.

The claimant did not have an attorney's lien on the funds in the hands of the trustee. This he could not have until final judgment, and then only to a limited amount. *Hutchinson* v. *Pettes*, 18 Vt. 614.

The claimant *pro se*.

The claimant has a legal right to the funds in the hands of the trustee, because the note was indorsed to the claimant, and it thereby became his property, subject only to such equities as existed in favor of the trustee. Suit having been brought on it in the claimant's name, the trustee thereby received notice that it was the property of the claimant, and that he was the legal holder. *Lamb* v. *Mathews*, 41 Vt. 42; *Sawyer* v. *Cutting*, 23 Vt.

486; *Chase* v. *Burnham*, 13 Vt. 447; *Snow* v. *Conant*, 8 Vt. 301; *Seargent* v. *Seward*, 31 Vt. 509. No subsequent agreement between the trustee and the defendant to arbitrate, could affect the rights of the claimant, although he was the attorney of the defendant, and knew of the submission. If any question could arise as to the exact interest of the claimant in the note, it would affect only the claimant's and defendant's respective rights. The trustee is not involved. The notice to him was of a perfect legal title in the claimant. *Hackett* v. *Kendall*, 23 Vt. 275; *Ormsby* v. *Fifield*, 38 Vt. 143; *Blood* v. *Bates*, 31 Vt. 147.

The claimant is entitled to the fund by having received an assignment of it from the defendant prior to the bringing of this suit, of which the claimant gave notice to the attorney of the trustee. *Ayott* v. *Smith*, 40 Vt. 532; *Mining & Quarrying Co.* v. *Windham Co. Bank*, 44 Vt. 489; *Abell* v. *Howe*, 43 Vt. 403; *Bierce* v. *Red Bluff Hotel Co.* 31 Cal. 160; *Noyes* v. *Brown*, 33 Vt. 431; *Edgerton* v. *Martin*, 35 Vt. 116.

The claimant is entitled to hold this fund by virtue of an attorney's lien.

The opinion of the court was delivered by

BARRETT, J. The plaintiff puts his claim to hold the trustee, as against the claimant, on the ground that the trustee was not notified of the transfer of the note to the claimant before the process was served on the trustee. The note was in fact indorsed to the claimant when it was first placed in his hands for collection, and the claimant brought the suit on it, declaring as indorser and owner. This writ was duly served on Mason as trustee, and the suit was entered in court, and answered to by Mason. Mason was thus notified, in fact, of the transfer and the holding by claimant as alleged owner. That indorsement vested the legal title of the note in the claimant to every intent, as against the maker, the same as it would have been in the payee if the note had remained in the payee's hands and been sued in his name. As between the claimant and Ryan, the claimant was holding as the trustee of Ryan, and accountable to him for the proceeds.

Thus the matter stood, with the suit upon the note still pending, when Ryan assigned the note to the claimant, so that, thereupon, the claimant became the owner in fact, and held in his own right, instead of being the mere title-holder as the trustee of Ryan. The fact then corresponded with what the pending suit notified Mason of, viz. the tranfer to, and ownership by the claimant of, the note. This had all been done before the trustee process was served. As between the claimant and Ryan and Mason, the claimant had become the lawful owner of the note, and entitled to recover in his own right what was due on it from Mason in the suit brought by him on it, which was pending when the trustee suit was brought. The plaintiff stands upon no equity as against any of the other parties, but stands solely and simply upon the legal right accorded to him by the statute, by reason of failure to give notice of the transfer to the claimant, such as is contemplated by the statute. If Mason, as trustee, had disclosed the fact of the suit brought against him by the claimant, and nothing further had been shown, the court would have adjudged him not trustee, or would have ordered Farrington to be cited in as claimant. If so cited, and the fact of the transfer, indorsement, and the suit, and the assignment, had been shown just as they now appear, and nothing further had been shown, it cannot be questioned that the claimant would be held entitled to hold as against the trustee process.

In what occurred between Ryan and Mason in submitting their matters, including this note, to arbitration, nothing was done to undo, as between claimant and Ryan, claimant's title and ownership of the note. The note in claimant's hands having been transferred over due, was subject to any defences that might have been made by Mason if held and sued in the name of Ryan; and this probably explains the embracing of the note in the submission, but that did not devest the claimant's right to the note as becoming the owner and holder of it over due.

The recitals in the submission do not operate to *estop* the claimant, but are to be regarded only as evidence, in connection with other evidence showing the posture of the claimant in relation to

that submission, to be considered by the commissioner on the question of the ownership of the note by the claimant. We are satisfied that the commissioner and the County Court were right in finding and holding as they did.

*Judgment affirmed.*