## JOHN TOWLE *v.* A. WILDER AND DELAWARE & HUDSON CANAL CO., TR.

### *Trustee Process.*

Both the plaintiff and defendant resided in the State of New York; the contract upon
which the suit was brought, and the contract upon which it was sought to
charge the trustee were made in that State; the debt was for services rendered
there, and was due and payable there; and the trustee is a body corporate
existing under the laws of New York, operating a continuous line of railroad
from Troy, N. Y., to Rutland, Vt.; *Held*, on these facts, and others agreed to,
*q. v.*, that the trustee should be discharged.

TRUSTEE PROCESS. Heard on an agreed statement, Sep-
tember Term, 1877, DUNTON, J., presiding. Judgment *pro
forma* that the trustee was chargeable for the sum of $35.50.

This case is published in this volume, as it appears that
similar suits are being brought. It was sent to the Reporter
by ROYCE, Ch. J., on the request of VEAZEY, J. It was
heard at the January Term, 1878, of the Supreme Court of
Rutland County, before PIERPOINT, Ch. J., BARRETT, ROYCE,
and POWERS, JJ. PIERPOINT, Ch. J., rendered an oral opin-
ion; but it was never reported.

Agreed statement: This is an action of assumpsit, returnable before a justice of the peace. The defendant appeared on the return day of said writ, and said cause was continued from time to time to June 1, 1877, when said defendant did not appear and was defaulted, and judgment rendered against him, and the said trustee adjudged chargeable upon its disclosure for the sum of $35.50, from which judgment, as to its liability, the trustee appealed.

It is agreed, that both plaintiff and defendant are now, and were at the time of the commencement of this suit, residents of the town of Plattsburgh, in the State of New York, and that the contract upon which this suit is brought, as well as the contract upon which it is sought to charge this trustee, was made in the State of New York. The trustee is a body corporate, chartered and existing under and by virtue of the laws of the State of New York, under the name of the " President, Managers and Company of the Delaware and Hudson Canal Company," and having its principal office and place of business in the City of New York; and at the time of the commencement of this suit and for a long time prior thereto had been operating, as lessee, the Rensselaer and Saratoga Railroad, extending from Troy, in the State of New York, through Whitehall in said State, to the division line between the State of Vermont and the State of New York, connecting at that line with the Rutland and Whitehall Railroad, which railroad the said trustee also operated under a certain lease; which two railroads the trustee, as lessee thereof, runs and operates as a continuous line from Troy to Rutland. And said trustee, as lessee, also runs and operates a certain railroad known as the Salem and Rutland Railroad, extending from said Rutland to Eagle Bridge, in the State of New York. And the trustee also runs and operates the New York and Canada Railroad, extending from Whitehall aforesaid to and through the town of Plattsburgh, in said State of New York, running all the way in the State of New York, but

Towle *v.* Wilder.

connecting at said Whitehall with the said railroads forming said line from Troy to Rutland, operated as aforesaid by said trustee.

Said sum of $35.50, for which said trustee was held chargeable, was due the principal defendant as wages for services rendered in the State of New York upon said New York and Canada Railroad, extending from Whitehall to Plattsburgh, under a contract of employment made in that State, and was due and payable in the State of New York..

The service of the writ and summons in the case was made upon the agent of the trustee appointed to receive service of process under section 118 of chapter 28, General Statutes.

Henry H. Smith, clerk of the Rutland County Court, certified under the seal of the court, that, at the January Term, 1878, of the Supreme Court for Rutland County, the judgment of the County Court, in this cause, was reversed, and judgment rendered that the trustee be discharged with costs.

*Joyce & Lawrence,* for the plaintiff.

*Prout & Walker,* for the trustee.