# RUTLAND COUNTY,

## JANUARY TERM, 1889.

Present: Ross, Veazey, Taft, Rowell.

## E. L. NICHOLS *v.* CHARLES HOOPER, JOHN W. STEARNS, TRUSTEE, S. C. HOOPER ET AL., CLAIMANTS.

### *Trustee Process. Foreign Assignment. Notice.*

A trustee resident in this State may be charged, although both plaintiff and defendant reside in New York, and the debt sued for and that from the trustee are both payable in New York, and although the principal defendant has made a general assignment to the claimants for the benefit of his creditors under the laws of that State, no notice of such assignment having been given the trustee.

This was an action of general assumpsit, heard before the Municipal Court for the village of Rutland, September 3, 1888, Lawrence, J. Plea, the general issue, and trial by the court.

The plaintiff sought to recover the amount of a promissory note, executed and made payable in the State of New York. The parties were all residents of the State of New York, except the trustee. The writ was served on the trustee July 27th. On the 24th day of July the debt due from the trustee had been assigned by the defendant to S. C. Hooper, claimant in this suit, but the trustee did not receive notice of this assignment until July 29th. On the 27th of July the defendant made, in the State of New York, a general assignment for the benefit of creditors to the claimant, Hodgeman, but no notice of this latter assignment was given the trustee.

Upon these facts the court rendered judgment, *pro forma*, for the plaintiff, and that the trustee was chargeable, to which the defendants and claimants excepted.

*J. C. Baker*, for the defendant and claimants.

The assignment from the principal defendant to the claimants was in all respects regular under the laws of New York. That assignment conveyed to them his choses in action, together with his other property, for the benefit of his creditors. This debt, sought to be trusteed, was a New York debt, contracted there and payable there. After the assignment no creditor could attach it in the State of New York.

The plaintiff and debtor both reside in that State. The plaintiff should have the benefit of the laws of that State in the collection of his debt, and should be controlled by them. As regards these parties, the New York assignment should have the same effect in the courts of Vermont as in the jurisdiction where made. *Bentley* v. *Whittemore*, 19 N. J. Eq. 462 ; *Bank* v. *Bank*, 34 N. J. Eq. 450.

The plaintiff and the defendant being residents of New York, and the matters involved all arising in that State, the debt trusteed having been contracted there, cannot be reached in this action. *Towle* v. *Wilder & Tr.*, 57 Vt. 622.

*Butler & Moloney*, for the plaintiff.

The weight of authority is in favor of confining the operation of assignments like that in this case to the State where they are made. *Cramton* v. *Valido Marble Co.*, 15 At. R. 157 ; *Roberts* v. *Atherton*, 15 At. R. 159 ; *Harrison* v. *Story*, 5 Cranch, 289 ; *Peck* v. *Hibbard*, 26 Vt. 769 ; *Harrison* v. *Edwards*, 12 Vt. 648.

Clearly the assignment could have no effect without notice to the trustee. *Barron* v. *Porter*, 44 Vt. 587 ; *Hutchinson* v. *Watts*, 35 Vt. 360 ; *Webster* v. *Maranville et al.*, 30 Vt. 701; *Ward* v. *Morrison*, 25 Vt. 593 ; *Barney* v. *Douglass*, 19 Vt. 98 ; *Loomis* v. *Loomis*, 26 Vt. 198 ; *Dale* v. *Kimpton*, 46 Vt. 76.

The laws of Vermont allow the prosecution of this suit by the plaintiff in this manner. Possibly the courts of New York, having jurisdiction of both parties, might enjoin him from its further prosecution here, but in no other way can he be deprived of the right of so doing. *Crapo* v. *Kelley*, U. S., (L. Ed.) B. 21, 430.

Nichols *v.* Hooper et al.

The opinion of the court was delivered by

TAFT, J. The plaintiff, defendant and claimants reside in New York; the debt the plaintiff is seeking to recover, and the one due the principal defendant from the trustee, were contracted, and, in law, are payable in New York. The trustee resides in this State and can be held liable, although the parties reside elsewhere, and the debt was contracted and payable elsewhere. *Towle* v. *Wilder*, 57 Vt. 622, is cited by claimants. No opinion was written; we do not know upon what point the case turned, and see no reason for following it. The claimants attempt to hold the funds in the trustee's hands by virtue of assignments of the debt; one executed prior to the service of the trustee process, the other a general one for the benefit of creditors, on the day of the service. The trustee did not receive notice of the assignments prior to the service of the trustee process upon him. The assignments were valid, but are not operative against the trustee process, notice of the assignments not having been given to the trustee by the assignees. Such notice was necessary to save the debt from the trustee process. It is needless to cite cases to show the necessity of such notice.

*Judgment affirmed.*