## L. W. CRAIG v. EUGENE GUNN AND TRUSTEE.

### October Term, 1894.

*Non-resident railroad corporation cannot be charged as trustee.*

A railroad corporation chartered by and organized under the laws of another state and having its principal place of business in that state, but operating lines of railway in this state, can not be charged here as trustee. So held in respect of a debt due the principal defendant as wages for services rendered wholly in the state of New York and payable there.

Exceptions from the city court of Rutland. Assumpsit.

by trustee process, in which the Delaware & Hudson Canal Co. was summoned as trustee. The defendant was defaulted. The trustee moved that it be discharged for want of jurisdiction. This motion was overruled, and judgment was rendered against both the principal defendant and trustee. The trustee excepts.

The plaintiff is a citizen of Colorado and the defendant of New York. The contract was made in Colorado. The trustee is chartered and organized under the laws of New York, and has its principal offices and places of business in that state, but operates a line of railroad in Vermont. The debt due the defendant was for wages as a fireman for services rendered wholly in New York upon a contract made there, and payable there.

*Butler & Moloney* for the trustee.

The court had no jurisdiction of the trustee. *Towle* v. *Wilder & Tr.*, 57 Vt. 622; *Wells* v. *E. Tenn, etc., Rd. Co.*, 74 Ga. 548; *Lingley* v. *Bateman*, 10 Mass. 343; *Ray* v. *Underwood*, 3 Pick. 302; *Hart* v. *Anthony*, 15 Pick. 445; *Spuair* v. *Shea*, 26 Ohio St. 345; *Baxter* v. *Vincent*, 6 Vt. 621; *Rinage* v. *Green*, 52 Vt. 204.

*J. A. Merrill*, for the plaintiff, cited *Nichols* v. *Hooper*, 61 Vt. 295.

TYLER, J. The principal parties were non-residents, and the trustee was a foreign corporation having its principal office and place of business in the city of New York, but operating lines of railroad extending from points in the state of New York to the city of Rutland in this state. It also owned and operated various lines of railroad situated wholly in the state of New York. The contract upon which the suit was brought was made in another state, and the sums

due from the trustee to the defendant were wages for services rendered by the defendant for the trustee upon a line of railroad lying wholly in the state of New York, under a contract of employment made in that state, and there payable.

Corporations are amenable to the trustee process like private persons, but this mode of attaching the personal property of a debtor in the hands of a third person is conferred only by statute; and s. 1073, R. L., provides that no person shall be summoned as a trustee unless at the time of the service of the writ he resides in this state. Citizens of another state, and subject to its laws and jurisdiction, are not within the jurisdiction of the courts of this state, and the "credits" in their hands have no *situs* here, and are no more attachable by this process than are the goods of a debtor situated in another state. *Baxter* v. *Vincent*, 6 Vt. 614; *Pecks & Co.* v. *Barnum & Tr.*, 24 Vt. 75; *Rindge* v. *Green*, 52 Vt. 204.

In *Nichols* v. *Hooper · et al.*, 61 Vt. 295, the plaintiff and defendant resided in New York, and the debt that the plaintiff sought to recover and the one due the defendant from the trustee were contracted, and in law were payable, in that state. The trustee resided in this state and was held liable, so that case is decisive of every question that arises in the present one excepting the question of jurisdiction over the trustee upon the facts stated.

*Gold et al.* v. *Housatonic R. Co.*, 1 Gray 424, arose under a statute like our R. L., s. 1072. The opinion of Shaw, C. J., is as follows:

"It is agreed that the defendants have leases of railroads in this county, and this would make a strong case for charging them as trustees, if they could be chargeable as such under any circumstances. But the case of *Danforth* v. *Penny*, 3 Met. 564, is decisive, and shows that a foreign corporation cannot be so charged. By Rev. Sts., c. 109, s. 6, 'all corporations may be summoned as trustees.' But

what corporations? The very generality of the terms re-
quires some qualification. It cannot be construed literally
all corporations, in whatever part of the world established
and transacting business. The answer is to be found in the
statutes in *pari materia* then existing. The statute in ques-
tion was only an extension of an existing system. It was
intended, we think, to put corporations on the same ground
as individuals. And it is well settled that an individual, an
inhabitant of another state, is not chargeable by the trustee
process, although found in this commonwealth and here
served with process. *Tingley* v. *Bateman*, 10 Mass. 343 ;
*Nye* v. *Liscombe*, 21 Pick. 263. In the case of corpora-
tions, which have no local habitation, the principle is this :
If established in this commonwealth by the laws thereof,
they are inhabitants of this commonwealth within the mean-
ing of the law ; but if established only by the laws of an-
other state, they are foreign corporations, and cannot be
charged by the trustee process."

This was the construction given a statute which contained
no provision like our section 1073, that non-residents should
not be subject to the trustee process. In 1870 the statute
was amended so that non-residents, and corporations estab-
lished by the laws of another state, might be summoned as
trustees if they had a usual place of business in Massachu-
setts. In *Larkin* v. *Wilson*, 106 Mass. 129, the writ was
served before the amendment to the former act was in force,
and the court for that reason refused to hold a foreign cor-
poration liable to the trustee process, and cited *Danforth* v.
*Penny*, and *Gold* v. *R. Co.*, *supra*, in support of the posi-
tion that such a corporation was not liable to be summoned
as a trustee, though it was the lessee of a railroad in that
state, and its principal officers resided there and agents were
employed there to manage the road.

In the later case of *Bank of Commerce* v. *Huntington*,
129 Mass. 444, it was held that a railroad corporation, cre-
ated by the laws of another state, and having an office in
Massachusetts for the convenience of its stockholders and
for the better management of its finances and other business,

where its principal officers were to be found, and where it carried on such business as is usually carried on in the office of the president and treasurer of a railroad corporation, had a usual place of business in that state within the meaning of the act of 1870, and might be summoned as trustee.

We have no statute like the Massachusetts Act of 1870, and even under that act this trustee process could not be maintained; for though it is presumable that the trustee had depots, freight houses, and agents in this state, it did not appear that it had any such office here as is described in the Massachusetts Act.

Drake on Attachment, s. 474, says:

"In this country the question has been repeatedly presented, and the uniform tenor of the adjudications establishes the doctrine that whether the defendant reside or not in the state in which the attachment is obtained, a non-resident cannot be subjected to garnishment there, unless, when garnished, he have in that state property of the defendant in his hands, or be bound to pay the defendant money, or to deliver to him goods, at some particular place in that state."

It was said in *Smith* v. *Insurance Co.*, 14 Allen 339:

"A corporation being a mere creature of local statutes, can of right have no existence nor recognition beyond the limits of the state wherein it is established. By comity such artificial persons are permitted to contract and sue in other states. If they avail themselves of that comity  *   *   * they may become liable to its jurisdiction to the extent to which they have thus voluntarily subjected themselves."

This court held in *Osborne & Woodbury* v. *Shawmut Ins. Co.*, 51 Vt. 278, that the defendant corporation was to be treated as a citizen of the state in which it was incorporated, and there being no attachment of property, jurisdiction could only be obtained by service of the writ upon the insurance commissioners of this state, and by a compliance by the defendant corporation with the statute which requires foreign insurance companies to agree that they may

be sued in this state, which, as the court said in the case last cited, "is equivalent to an agreement that they may be *found* here for the service of process."

The debt due from the trustee to the defendant of course had no *situs* in this state unless the trustee resided here within the meaning of our statute. It cannot be maintained that it did reside here. We find no occasion to depart from the decision in *Towle* v. *Wilder & Tr.*, 57 Vt. 622, though no opinion was written in that case.

*Judgment reversed, trustee discharged, and action dismissed.*