E. J. HAWLEY *v.* E. B. HURD and THE RUSSELL LUMBER &
COAL CO., Trustee.

October Term, 1898.

Present : ROSS, C. J., TAFT, MUNSON and THOMPSON, JJ.

Opinion filed February 14, 1900.

*Trustee process—Scope of defence by trustee*—A trustee can defend upon the
ground of rights acquired by an assignee who does not appear as claim-
ant.

*Trustee process—Debt payable without the state*—A resident trustee is charge-
able upon a debt payable to a non-resident in the state of his domicile.

*Towle v. Wilder*, 57 Vt. 622, *Nichols v. Hooper*, 61 Vt. 295, and *Craig v.
Gunn,* 67 Vt. 92, reviewed.

*Trustee process—Negotiable paper—Transfer to bank without the state*—Negotia-
ble paper transferred to a bank without this state may be attached by
trustee process before notice of the transfer.

*Trustee process—V. S. 1306—Constitutional law*—The provision of V. S. 1306,
which exempts from attachment by trustee process negotiable paper
transferred before due to a bank within the state, does not work a dis-
crimination against banks without the state from which they are pro-
tected by Art. 4, Sec 2 of the Federal Constitution or by Art. 14, Sec. 1
of the Amendments thereto.

*Constitutional law—Corporations as citizens*—Corporations, including nation-
al banks, are not citizens within the meaning of that term as used in
Art. 4, Sec. 2 of the Federal Constitution providing that the citizens of
each state shall be entitled to all the privileges and immunities of citi-
zens in the several states.

*Constitutional law—Corporations as citizens*—Corporations, including nation-
al banks, are not citizens within the meaning of that term as used in
Amendment 14, Sec. 1 of the Federal Constitution providing that no
state shall make or enforce any law which shall abridge the privileges
or immunities of citizens of the United States.

*Constitutional law—Corporations as persons—Jurisdiction over corporations*—
A corporation is a person within the meaning of that word as used
in Amendment 14, Sec. 1 of the Federal Constitution providing that no
state shall deny to any person within its jurisdiction the equal protec-
tion of the law ; but a corporation not created by this state, and not
doing business here under conditions that subject it to process issuing
from the courts of this state, is not within its jurisdiction.

*Constitutional law—National banks as instrumentalities of the Federal govern-*
*ment—*The incidental discrimination, made by V. S. 1306 against banks
without this state, touches only the general business relations of such
banks, and does not impair their utility as instrumentalities and agents
of the Federal government.

ASSUMPSIT.    Bennington County, June Term, 1898, *Rowell,*
J., presiding.    Trial by court.    Judgment for the plaintiff
against the principal defendant, and against the trustee on facts
found and reported by a commissioner.    The trustee excepted.

The case is stated in the opinion.

*Barber & Darling* for the plaintiff.

*W. B. Sheldon* for the trustee.

MUNSON, J.    The plaintiff and the trustee are residents of
this State, and the defendant is a resident of New York.    The
indebtedness on account of which the trustee was held charge-
able in the court below was evidenced by two promissory notes,
executed by the trustee in this State, made payable to the defen-
dant's order at the First National Bank of Hoosic Falls, N. Y.,
and discounted by that bank in the regular course of business
before notice of the service of the trustee process was received.

It is not necessary to consider the conflicting decisions con-
cerning the location of a debt for purposes of attachment.    It is
held in this State that a resident trustee is chargeable upon a
debt payable to a non-resident in the state of his domicile.
*Nichols* v. *Hooper,* 61 Vt. 295.    In this case the court expressly
refused to be governed by *Towle* v. *Wilder,* 57 Vt. 622, saying
there was nothing to show upon what point that case turned.
In saying, as the court did in *Craig* v. *Gunn,* 67 Vt. 92, that it
found no occasion to depart from the decision in *Towle* v. *Wilder,*
it evidently assumed that the case was disposed of upon the ques-
tion of jurisdiction over the trustee; for *Nichols* v. *Hooper* was
cited as determinative of the other points involved.

V. S. 1306 first provides generally, that negotiable paper
may be attached by trustee process before notice of transfer.    It
provides further, however, that negotiable paper actually trans-

ferred to a bank in this State before due shall be exempt from such attachment. This leaves paper transferred to a bank without the State to be governed by the general provision; and the trustee contends that this restricted exemption works a discrimination against National banks without the state, from which they are protected by Art. 4, Sec. 2 of the Federal Constitution, and Art. 14, Sec. 1 of the Amendments thereto.

Although this question is raised by the trustee, and without the bank being made a party, it is to be considered and determined as if presented by the bank as claimant of the fund. A trustee can defend upon the ground of rights acquired by an assignee who does not appear. See *Holmes* v. *Clark*, 46 Vt. 22. If these notes have become payable to the bank by virtue of a transfer which the Federal Constitution requires us to recognize, the trustee cannot be held.

Art. 4, Sec. 2 provides that the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states. Corporations are not citizens within the meaning of the term as here used. *Paul* v. *Virginia*, 8 Wall. 168 : Book 19 Law. Ed. 357; Pembina etc. Co. v. Pennsylvania, 125 U. S. 181 : Book 31 Law. Ed. 650. It is true that many of the reasons given for this holding are inapplicable to corporations created by act of Congress, and that the rights of National banks were not involved in any case which asserts the rule. But the distinction suggested cannot be made without ignoring the positive statement of the cases cited, that the term applies only to natural persons.

Art. 14, Sec. 1 of the Amendments provides that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. It is held in *Orient Insurance Co.* v. *Daggs*, 172 U. S. 557 : Book 43 Law. Ed. 552, that a corporation is not a citizen within the meaning of this provision; and the extended discussion in earlier cases as to what privileges and immunities were intended seems to exclude the

possibility of an exception in favor of National Banks.   See *Slaughter House Cases*, 83 U. S. 36 : Book 21 Law. Ed. 394.

The section last cited also declares that no state shall deny to any person within its jurisdiction the equal protection of the laws.   The term "person" as here used is held to include corporations.   *Minneapolis, etc. R.R. Co.* v. *Beckwith*, 129 U. S. 26 : Book 32 Law. Ed. 585.   But this check upon the state relates only to persons "within its jurisdiction."   A corporation not created by this State, nor doing business here under conditions that subject it to process issuing from the courts of this State, is not within its jurisdiction. *Blake* v. *McClung*, 172 U. S. 239 :  Book 43 Law Ed. 432.

It must be remembered however, that the right of a National bank  to protection from state interference does not depend upon its being brought within any of these provisions.   As an instrumentality of the Federal government, it is protected from hostile legislation by the supremacy of the Federal Constitution.   Independently of specific prohibitions, the State has no power, by taxation or otherwise, to retard, impede, burden, or in  any manner control, the operation of constitutional laws enacted to carry into execution the powers vested in the general government. *McCulloch* v. *Maryland*, 4 Wheaton 316 : Book 4 Law. Ed. 579. The State can exercise no control over a National bank, nor in any wise affect its operation, except as Congress may permit. *Farmers, etc. Bank* v. *Dearing*, 91 U. S. 29 : Book 23 Law. Ed. 196.

But there is a well recognized limitation to the protection which this Federal supremacy secures to a National bank.   It protects the bank only from  such legislation as tends to impair its utility as an instrumentality of the Federal government.   *Waite* v. *Dowley*, 94 U. S. 527 :  Book 24 Law. Ed. 181.   As regards the construction of contracts, the acquisition and transfer of property, the collection of debts and the liability to suit, the bank remains under the control of  the State.   *First National Bank of Louisville* v. *Kentucky*, 76 U. S. 353 : Book 19 Law. Ed. 701.

The most that can be said of the discrimination complained of is, that it enables a bank within the State to discount with safety paper which a bank without the State could not discount without risk, and that to this extent it operates as an incidental restriction upon the business of the latter bank. It is clear that this touches only the general business relations of the bank, and can have no appreciable effect upon its continuance and utility as an agent of the Federal government.

It is not claimed that our statute is in conflict with any act of Congress.

*Judgment affirmed.*