BERNICE FURMAN PHELPS *v.* H. J. HOLDEN ET AL.

October Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed November 7, 1934.

*H. J. Holden, pro se,* for claimant.

*W. R. McFeeters* for the plaintiff.

MOULTON, J. This is an action of contract upon a promissory note, with judgment for the plaintiff. Hearing was then had upon the rights of the claimant to the fund in the hands of the trustees, and resulted in a judgment that the trustees were liable to the plaintiff. The claimant excepted.

There is a finding of facts, by which the following appears: The claimant, Spooner, bought from the defendant, Holden, the indebtedness to the latter of the trustees, the Blouins, on January 2, 1934, and caused letters to be written to the Blouins, notifying them of the fact of the assignment. The Blouins denied the receipt of the letters, or any notice of the transaction. Spooner, as assignee of Holden, brought suit against the Blouins for the recovery of the indebtedness, declaring in general assumpsit. The writ was served on January 24, 1934, and returned into court on February 5, 1934. Specifications, describing the account of Holden against the Blouins, and alleging its assignment to Spooner was filed on February 5, but a copy was not delivered to the Blouins or their attorney until after February 6. The Blouins entered their appearance, by their attorney, on January 26. On February 6 the present plaintiff, acting through the same attorney, brought the present action against Holden and summoned the Blouins as trustees. The only question raised is whether, upon these facts, the claimant is entitled to the fund.

■ ■ An assignment, although valid as between the parties, is not operative as against trustee process unless notice of it has previously been given by the assignee or by his procurement to the debtor who has been summoned as trustee. *Nichols* v. *Hooper*, 61 Vt. 295, 297, 17 Atl. 134; *Wolcott* v. *Mongeon*, 88

4

Vt. 361, 363, 92 Atl. 457. Knowledge of the assignment obtained from another source is not enough. *Parker* v. *Parker*, 71 Vt. 387, 390, 45 Atl. 756. The burden is upon the claimant to show not only the assignment, but the required notice. *Wolcott* v. *Monegon, supra*, page 364 of 88 Vt., 92 Atl. 457.

■■ No actual notice is shown by the findings. The statement that Spooner caused letters to be written to the Blouins is not sufficient to raise an inference that such letters reached the persons for whom they were intended. It has been held that evidence that a letter was ''written'' does not imply that it was deposited in the post office, properly stamped and addressed, without which there is no presumption of its receipt. *Jacobs* v. *Nat. Accident & Health Ins. Co.*, 103 Vt. 5, 151 Atl. 565. The finding that the Blouins denied that they had received the letters is, obviously, only a statement that they so testified, and not a finding of a fact in issue. The claimant, therefore, having no inference to help him, and no affirmative finding in his favor, has failed to sustain the burden of showing an actual specific notice to the Blouins, given and received before the service of the present trustee writ upon them.

■■ But it is not necessary that there should be a formal, precise notice of an assignment in order to protect it against the claims of third persons. No particular words, or set of words, is required to assign a debt or to give notice thereof to the debtor. *Weed Sewing Machine Co.* v. *Boutelle*, 56 Vt. 570, 577, 48 A. R. 821. A notice may be sufficient even though it consists of casual information given by the assignee, or by his procurement, for no definite purpose. *Dale* v. *Kimpton*, 46 Vt. 76, 79. It has been held that the commencement of an action upon the assigned obligation by the assignee against the debtor is a sufficient notice to the latter. *Austin* v. *Ryan*, 51 Vt. 110, 113; *Smith* v. *Blatchford*, 2 Ind. 184, 52 A. D. 504, 507; *Knight* v. *Griffey*, 57 Ill. App. 583, 586 (affirmed, apparently on other grounds, 161 Ill. 85, 43 N. E. 727). In these decisions, however, the declaration described the obligation, while in the instant case the declaration was in the common counts, and the only indication that it was based upon an assignment was in the description of Spooner, the then plaintiff, as assignee of Holden. It is true that the specifications described the debt and alleged the assignment, but this document did not come into the possession of the Blouins or their attorney until after the commencement of the

action by the present plaintiffs against Holden. It is held in many jurisdictions that a notice of an assignment given and received *pendente lite,* and in time for the debtor to avail himself of it in defense of the suit brought against him by the third party is sufficient. See cases cited in annotations L. R. A. 1916E, pp. 82-88; Story, Conflict of Laws (Redfield's ed.) par. 396. But our rule is otherwise, and proceeds upon the theory that the assignment is not perfected as against third persons until notice is received by the debtor (*Ward* v. *Morrison,* 25 Vt. 593, 599) and, therefore, that such notice must be brought to him before the service of trustee process upon him, if the claim of the assignee is to be allowed. *Parker* v. *Parker,* 71 Vt. 387, 390, 45 Atl. 756; *Nichols* v. *Hooper, supra,* page 297 of 61 Vt., 17 Atl. 134; *Williams* v. *Shepherd,* 33 Vt. 164, 166; *Stearns* v. *Wrisley,* 30 Vt. 661, 665; *Barney* v. *Douglass,* 19 Vt. 98, 100. It is clear that the specification is not material to the issue here, however important it might have been if it had been delivered to the Blouins before the commencement of the present action. The mere filing of the document with the court cannot be regarded as the requisite notice.

■ So the remaining question is whether the writ and declaration in the action brought by Spooner against the Blouins can be so considered. It did not, as we have seen, describe the assigned obligation; it did no more than inform the Blouins that Spooner claimed as the assignee of Holden to recover from them for some indefinite demand. In *Dale* v. *Kimpton, supra,* page 78 of 46 Vt., it is said that the information communicated by the assignee must give the debtor "fully to understand that he, such assignee, is the owner of the demand." And in *Cahoon* v. *Morgan,* 38 Vt. 234, 237, that: "It is the duty of the party giving such a notice to give it clearly, not to use indefinite or ambiguous expressions." Surely the contents of a declaration in the common counts in general assumpsit cannot be said to be sufficiently clear and unambiguous to constitute the required notice of an assignment.

■ The claimant relies upon *Farmers' Exchange* v. *Walter M. Lowney Co.,* 95 Vt. 445, 450, 115 Atl. 507, wherein it was said that if the debtor has knowledge of sufficient facts concerning the assignee's relation to the transaction to put him on inquiry, he must be held to have notice of all such facts as reasonable diligence in prosecuting its inquiry in the proper direc-

6

tion would have brought to his knowledge. It is contended that the service of the writ was a fact which put the Blouins on inquiry, and consequently charged them with notice of whatever they would have learned in the course of a reasonable investigation. But the Lowney Case is distinguishable. It was a proceeding in chancery to enforce an equitable assignment, and the issue was between the assignee and the debtor. Here, the question arises between the assignee and a creditor of the assignor. In this situation it is not enough that the debtor may be in possession of information which may lead him, by inquiry, to a knowledge of the interest of the assignee; he must be given fully to understand what that interest is asserted to be.

No error appears in the ruling of the trial court, and the entry is *judgment affirmed.*